MOLER, APPELLEE, *v.*
QUALITY CHEVROLET, INC., ET AL.,
THIRD-PARTY APPELLANT;
MOLER, THIRD-PARTY APPELLEE.

(No. 81AP-174—Decided June 30, 1981.)

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. John M. Adams,* for appellee.

*Messrs. Earl & Warburton* and *Mr. Ted L. Earl,* for third-party appellants.

*Messrs. Wiles, Doucher, Tressler & Van Buren* and *Mr. Thomas E. Boyle,* for third-party appellee.

MOYER, J. This matter is before us on the appeal of defendants and third-party plaintiffs from a summary judgment of the Common Pleas Court of

Franklin County, dismissing their action against William C. Moler, third-party defendant.

Plaintiff, Sandra J. Moler, wife of William C. Moler, the third-party defendant, filed a complaint alleging that defendants had negligently parked a van in the right lane of traffic on Interstate Route 270, south of Columbus, that a vehicle in which she was riding collided with the negligently parked van, and that she suffered injuries resulting from said collision. Plaintiff was riding in an automobile driven by her husband, William C. Moler, third-party defendant.

Defendants answered and filed a third-party complaint against William C. Moler seeking indemnification and/or contribution. The sole issue considered by the trial court was whether claims for indemnification and/or contribution can be brought against a third-party defendant where the latter is the spouse of the plaintiff. The trial court concluded that the doctrine of interspousal immunity barred the third-party claim against third-party defendant William Moler.

Defendants raise the following assignment of error in support of their appeal:

"1. The trial court erred by applying the doctrine of interspousal immunity where a defendant seeks contribution from the spouse of the plaintiff, and in sustaining the third-party defendant's motion for summary judgment on that basis."

The Supreme Court in *Varholla* v. *Varholla* (1978), 56 Ohio St. 2d 269 [10 O.O.3d 403], restated the basic law of Ohio with respect to interspousal immunity when it held that one spouse may not sue another spouse for personal injuries caused by negligent conduct. Defendants argue that the doctrine should not be applied where one spouse is not suing the other spouse, but where a third-party, being sued by the wife, sues the husband for contribution as a result of his alleged negligence.

Defendants make a reasonable argument that the reasons for the doctrine of interspousal immunity in our jurisprudence do not apply to the facts in the case before us. Assumedly, marital harmony is not harmed by a third-party suing a spouse and the danger of fraud and collusion does not exist where the claim of the third-party is asserted against a spouse. However, the trial court did not err in granting summary judgment for the third-party defendant.

R.C. 2307.31(A) states in part:

"* * * [W]here two or more persons are jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. * * *"

As the trial court properly concluded, a person must be liable in tort to the person injured as a condition precedent to the existence of a right to contribution between tort-feasors. The third-party defendant in this case cannot be liable in tort for injuries suffered by his wife, the plaintiff, because of the doctrine of interspousal immunity. Therefore, there can be no right to contribution. The doctrine of interspousal immunity bars a third-party action against the third-party defendant in this case.

While there is no Ohio appellate case on all fours with the case before us, several foreign jurisdictions have considered the question and have held as we do. See *Renfrow* v. *Gojohn* (Mo. App. 1980), 600 S.W. 2d 77; *Shell* v. *Watts* (1972), 125 Ga. App. 542, 188 S.E. 2d 269; *Schroeder* v. *Longenecker* (E.D. Mo. 1947), 7 F.R.D. 9; *Short Line, Inc. of Penn.* v. *Perez* (Del. 1968), 238 A. 2d 341. The assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and MCCORMAC, J., concur.