COUCH *v.* THOMAS, APPELLANT, ET AL.; ROWLAND, APPELLEE.

(No. CA84-10-122—Decided June 24, 1985.)

*Dooley & Heath Co., L.P.A.,* and *James V. Heath,* for appellant Donald H. Thomas.

*James F. Brockman,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Butler County.

On November 7, 1980, Gloria Couch was a passenger in her own automobile while it was being operated by third-party defendant/appellee, Guy T. Rowland. Couch and Rowland were both members of the Ross Township Volunteer Life Squad and were acting within the scope of their employment. Shortly after the vehicle in which Couch was a passenger reached the intersection of Lark Street and State Route 126 in Butler County, Ohio, it was involved in a collision with a vehicle operated by defendant/third-party plaintiff/appellant, Donald H. Thomas. Couch incurred certain injuries as a result of the collision and subsequently applied for and received workers' compensation benefits.

On August 25, 1982, Couch filed a complaint against Thomas[1] in the Butler

---

[1] The suit eventually involved not only Donald H. Thomas but also his two sons, Donald L. Thomas and Mark E. Thomas, and his wife, Gloria Thomas, both individually and as next friend of Donald L. Thomas and Mark E. Thomas. The father, Donald H. Thomas, was

County Court of Common Pleas. The complaint alleged that Couch had sustained certain injuries in the November 7, 1980 collision as a result of Thomas' negligence. Thomas responded by filing an answer and a third-party complaint, followed by an amended third-party complaint, against Rowland which alleged that Rowland's negligence proximately caused Couch's injuries. Thomas accordingly demanded contribution from Rowland for any damages assessed against Thomas in favor of Couch.

Rowland answered the third-party complaint by asserting, *inter alia,* that recovery against him was barred because he and Couch were co-employees at the time of the accident. After appropriate discovery had taken place, Rowland filed a motion for summary judgment as to Thomas' third-party complaint for contribution based on the above defense. On July 27, 1984, the trial court issued an opinion finding the motion to be well-taken due to Rowland's status as a co-employee, although it observed that "there may be some issue of material fact as to Rowland's negligence * * *." A journal entry to this effect was filed on September 24 of the same year.[2]

On September 21, 1984, Couch entered into a settlement agreement with Thomas and Rowland wherein Thomas and Rowland were forever discharged of all liability to Couch arising from the November 7, 1980 collision in exchange for the sum of $47,750. The agreement, which was signed after the trial court's opinion granting Rowland's motion for summary judgment as to the third-party complaint but prior to the fil-

ing of the judgment entry, did not attempt to determine percentages of liability for the accident as between Rowland and Thomas. On October 22, 1984, the trial court dismissed Couch's suit with prejudice based on the settlement agreement, and Thomas thereafter timely filed an appeal to this court taking issue with the trial court's decision granting summary judgment as to his third-party complaint for contribution against Rowland. The single assignment of error submitted for our consideration reads as follows:

"The trial court erred in granting summary judgment in favor of appellee, Guy T. Rowland, when there was a genuine issue of material fact, notwithstanding the provisions of Ohio Revised Code § 4123.741."

Appellant in essence asserts that since Couch's injuries were caused at least in part by negligence attributable to Rowland, the trial court should not have granted Rowland's motion for summary judgment as to appellant's third-party complaint for contribution, even though Rowland is a co-employee of Couch and is absolved of any liability to her per R.C. 4123.741. We hold that while it is clear that a third-party tortfeasor may not seek contribution from a joint tortfeasor who is a co-employee of the plaintiff when the plaintiff's injuries are compensable under the Ohio workers' compensation system, the third-party tortfeasor is liable only for the percentage of fault for which he or she is responsible.

The general rule in Ohio is that there is a right of contribution between joint

---

driving the vehicle that collided with the vehicle occupied by Rowland and Couch. Thomas' two sons, Donald L. Thomas and Mark E. Thomas, were passengers in the vehicle operated by their father. To avoid confusion, Donald H. Thomas will hereafter be referred to as "Thomas," and further identification of

other members of the Thomas family will be omitted, as such identification is not necessary for disposition of the instant appeal.

[2] In the same entry, the court also granted a motion by Rowland for partial summary judgment as to Thomas' negligence.

tortfeasors. R.C. 2307.31(A) reads, in pertinent part, as follows:

"* * * [W]here two or more persons are jointly or severally liable in tort for the same injury to person or property * * *, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tortfeasor is compelled to make contribution beyond his own proportionate share of the entire liability. * * *"

In the classic sense, a cause of action for contribution exists when a defendant has paid more than his or her proportionate share of damages to an injured plaintiff. Such defendant may then sue other defendants also responsible for the plaintiff's injury to recover any damages paid which exceed his or her proportionate percentage of liability. The cause of action for contribution is therefore an action which is not a part of the original claim or tort, but an adjustment between defendants separate from the plaintiff's claim arising from the principles of equity and natural justice. See *Nationwide Mut. Ins. Co.* v. *Marcinko* (C.P. 1980), 436 N.E.2d 551, 555. The essential conditions precedent to a successful action for contribution are therefore (1) a common liability of joint tortfeasors to an injured party, and (2) payment by one of the joint tortfeasors of more than his or her proportionate share of liability. *Nationwide, supra,* at 556.

However, if one of two joint tortfeasors has an immunity or a defense shielding him or her from the plaintiff, he or she may not be held liable for contribution. See *Moler* v. *Quality Chevrolet, Inc.* (1981), 2 Ohio App. 3d 120. On the facts of the case at bar, it is evident that Rowland has such a defense due to his status as a co-employee of Couch. R.C. 4123.741 states that "* * * [n]o employee of any employer * * * shall be liable to respond in damages at common law or by statute for any injury * * * received * * * by any other employee of such employer in the course of and arising out of the latter employee's employment * * *" if the injury is found to be compensable under Ohio workers' compensation laws. See, also, *Kaiser* v. *Strall* (1983), 5 Ohio St. 3d 91.[3]

It is therefore clear that Thomas has no right to contribution as against Rowland. However, we feel that the underlying fundament of appellant's position, which is a request for an adjustment of his obligation to Couch based on his proportion of fault as compared to Thomas', has considerable merit. After all, if Thomas was not entirely responsible for the automobile collision and Couch's resultant injuries, he should not be in the position of being required to pay for Couch's damages in their entirety due to the immunity afforded Rowland by R.C. 4123.741. While there is no Ohio statute or case law directly on point, Thomas' predicament violates the spirit, if not the letter of R.C. 2315.19, which authorizes application of the concept of comparative negligence in Ohio, and the aforementioned R.C. 2307.31, which states that "* * * [n]o tortfeasor is compelled to make contribution beyond his own proportionate share of the entire liability. * * *" The fact that Thomas is obligated to pay more than his proportionate share of liability to Couch also violates his right to due process of law and his right to equal protection under the

---

[3] Since the action was based on negligence, the exception to R.C. 4123.741 set forth in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, has no application to the case *sub judice.*

law. It also offends our basic sense of equity and fair play.

Thomas therefore ought not to be in a position which finds him wronged without remedy, and we find that there is a way to resolve the situation in a manner consistent with the policies behind the contribution and comparative negligence statutes and Ohio workers' compensation law. Such resolution would hold the third-party tortfeasor (Thomas) liable only for his adjudicated share of Couch's damages and find the damages attributable to Rowland's negligence unrecoverable due to the bar imposed by R.C. 4123.741.

The above allocation of damages is fair to Thomas because he is thereby responsible only for the share of the damages occasioned by the percentage of negligence attributable to him, a result in keeping with public policy considerations behind the concepts of comparative negligence and contribution among joint tortfeasors. It avoids the clearly inequitable result which would have otherwise occurred in the case at bar whereby Thomas would have been completely responsible for Couch's damages regardless of his actual percentage of fault.

Rowland's position is unchanged due to the above disposition because he may still invoke the terms of R.C. 4123.741 as a complete defense to any damages for which he would otherwise be held responsible.

The only party whose position changes for the worse if Thomas is held responsible only for his individual share of damages resulting from the collision is Couch. She in effect loses payment for Rowland's portion of the damages which, but for our holding herein, would have been paid by Thomas. However, this result is neither inequitable nor unfair when it is considered that as a result of Rowland's negligence Couch received workers' compensation payments for her injuries.

The Ohio workers' compensation system is designed to be a substitute for the rights and duties that existed between employers and employees at common law. Young, Workmen's Compensation Law of Ohio (2 Ed. 1971), at pages 10-11. The system eliminates negligence and fault as the basis for receiving benefits and substitutes a much broader basis: economic loss. Each time an employee is injured, an economic loss is said to occur which must be compensated for in some way. The workers' compensation system shifts the burden of the loss from the individual employer to industry as a whole. *Id.* Of course, the amount of benefits recoverable under the workers' compensation system may not always be equivalent to the amount of damages which might have been established under a common-law theory of recovery, but recovery pursuant to workers' compensation is generally more certain and covers a broader range of injuries. Also, the workers' compensation system permits workers to recover benefits more quickly than under conventional methods, and it is relatively less expensive. Thus, the workers' compensation system effectuates a trade off which the General Assembly has deemed to be beneficial to both employers and employees. *Id.* at 11.

By enacting R.C. 4123.741, the General Assembly extended the theory of economic loss which forms the basis of the Ohio workers' compensation system to employees who injure co-workers while both are acting within the scope of their employment. Again, prompt, certain recovery is favored over prolonged litigation which could lead to recovery of either a greater or lesser amount, or no recovery at all. The statute also promotes harmony in the workplace and eliminates disputes as to whether supervisory employees are properly classified as employers or co-employees with respect to non-supervisory employees.

We therefore find no undue prejudice in denying recovery for the portion of negligence assignable to Rowland. Diminishing Couch's recovery in this manner is perfectly consistent with the policy behind the Ohio workers' compensation system, which seeks to balance the individual rights of employers and employees against the economic and social consequences of unbridled litigation between these two groups arising from injuries occurring within the scope of employment.

As previously stated, Thomas' third-party complaint for contribution from Rowland, although technically inappropriate, was meritorious in that it successfully pointed out the inequitable position in which he was placed by the proceedings below. We accordingly find appellant's assignment of error taking issue with the trial court's decision granting Rowland's motion for summary judgment as to the third-party complaint to be well-taken, even though the court below may have been technically correct in granting the motion. Given the unique nature of the issue before us and the fact that appellant, prior to this decision, had no appropriate means by which to forestall payment of more than his proportionate share of Couch's damages, we feel justified in relying on this imperfect though effective expedient for remanding the case *sub judice* back to the trial court.

On remand, the court below shall determine the percentage of fault for which Thomas, by his negligence, was responsible. Thomas should then be ordered to pay his proportionate share of the $47,750 settlement amount to Couch. The remainder of the settlement amount, if any, which would ordinarily be due Couch from Rowland, shall be uncollectible in the case *sub judice* due to the bar imposed by R.C. 4123.471.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.