**Dale CHRISTMAN, et al., Plaintiffs,**

v.

**E.W. WIGGINS AIRWAYS INC., Defendant and Third–Party Plaintiff,**

v.

**HUGHES HELICOPTERS, INC., Third–Party Defendant.**

**Civ. A. No. 86–1891–MC.**

United States District Court, D. Massachusetts.

Dec. 19, 1989.

Timothy J. Healey and Patricia D. Stewart, Healey & Stewart, Westwood, Mass., for plaintiffs.

Courtland Hirschi, Kern & Wooley, Los Angeles, Cal., and James F. Meehan and Peter J. Black, Meehan, Boyle & Cohen, Boston, Mass., for defendant.

Robert M. Kern and Peter T. Kirchen, Kern & Wooley, Los Angeles, Stephen T. Keefe, Weymouth, Mass., for third party defendant.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action arises out of a helicopter crash on May 25, 1985 in Indianapolis, Indiana in which plaintiff Dale Christman suffered injuries. He was the sole occupant of the helicopter and was operating it in the course of his employment as a salesman for Hughes. Defendant and third-party plaintiff E.W. Wiggins Airways Inc. ("Wiggins") is a Massachusetts corporation operating out of Norwood Municipal Airport. It serviced the helicopter · several days before the crash and replaced the fuel filter bypass warning switch, the failure of which is alleged to have contributed to causing the crash. Mr. Christman brought suit against Wiggins for negligence in the performance of repair work on the helicopter. Wiggins filed a third-party claim for contribution and indemnity against Hughes Helicopters Inc. ("Hughes") for negligence and breach of warranty. Both Hughes and Wiggins agree that Ohio law governs this suit.

Third-party defendant Hughes filed a motion for summary judgment arguing that under Ohio law, a third-party tortfeasor may not maintain an action for contribution against an insured Ohio employer for personal injuries sustained by an employee in the course of his employment. On July 21, 1988 this Court denied Hughes' motion for summary judgment on the ground that the "allegations of Wiggins could have been categorized, arguably as being on the borderline between a claim of negligence and intentional tort." On January 3, 1989, 702 F.Supp. 369, this Court denied Hughes' motion for reconsideration because under Ohio law at that time, an employer loses its immunity if the employer has violated a duty which did not arise out of the employer-employee relationship. This is called the "dual capacity exception" to employer immunity.

This matter now comes before the Court on Hughes' motion for further reconsideration and allowance of its motion for summary judgment on the third-party complaint. This Court again denies Hughes' motion for summary judgment.

Hughes is correct in asserting that Ohio law has changed with regard to the dual capacity doctrine since this Court denied its motion for reconsideration. Under current Ohio law, "where an employer manufactures a product for public sale and for its own use and an employee is injured while using the product within the scope of his employment the employee may not maintain a products liability action against his employer under the dual capacity doctrine." *Schump, et al., v. Firestone Tire & Rubber Company*, 44 Ohio St.3d 148, 152–153, 541 N.E.2d 1040 (1989). Furthermore, the elimination of the dual capacity doctrine must be applied retroactively. In *Peerless Electric Co. v. Bowers*, 164 Ohio St. 209, 129 N.E.2d 467 (1955) the Supreme Court of Ohio held that:

> a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision.

The net result of these decisions is that Hughes is now immune from suit by Mr. Christman and as a result, Wiggins cannot maintain an action against Hughes for contribution. However, Hughes' motion for summary judgment must still be

denied. Under *Couch v. Thomas*, 26 Ohio App.3d 55, 497 N.E.2d 1372 (1985) the Court of Appeals of Ohio determined that even though a third-party tortfeasor is not liable for contribution to another tortfeasor because the third-party tortfeasor has an immunity shielding him from liability to the plaintiff, the immune defendant is not entitled to summary judgment. *Couch v. Thomas* indicates that the court must determine the percentage of fault, if any, for which defendant Wiggins was responsible. Then Wiggins would be ordered to pay its proportionate share of the amount awarded. The remainder of the amount awarded which would be attributable to third-party defendant Hughes' negligence would be uncollectible because of Hughes' immunity from this suit.

Accordingly, third-party defendant Hughes' motion for summary judgment is denied.

SO ORDERED.