NATIONWIDE INSURANCE COMPANY, Appellee,

v.

SHENEFIELD et al. Appellants.

[Cite as *Nationwide Ins. Co. v. Shenefield* (1992), 85 Ohio App.3d 563.]

Court of Appeals of Ohio,
Huron County.

No. H–92–006.

Decided Dec. 18, 1992.

*Paul F. Meyerhoefer,* for appellee.

*Robert J. Foulds,* for appellants.

MELVIN L. RESNICK, Judge.

This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas which, after a jury trial, awarded substituted third-party plaintiff, Nationwide Insurance Company ("Nationwide"), $50,000 on its claim for contribution from appellants, Jason Shenefield and Billy Joy Shenefield.

On July 5, 1989, Paul A. Parker was injured as a result of an automobile accident. Parker's automobile collided head-on with the vehicle of Jerry L. Moore. On May 7, 1990, Paul Parker and his wife, Arlene A. Parker, filed a complaint in which they named Jerry L. Moore and "John Doe, Owner of Sheep" as defendants. The complaint alleged that John Doe's sheep were negligently allowed to wander into Jerry Moore's lane of travel, that Moore operated his vehicle left of the center line (in order to avoid the sheep) and was cited for a violation of R.C. 4511.26, and that the negligence of the defendants caused property damage and personal injury to the Parkers.

After answering, Moore filed a third-party complaint raising a claim of contribution and/or indemnity against Billy Joy Shenefield, Jason Shenefield and Roger Voorhees. All three third-party defendants answered. The claim against Voorhees was later dismissed, without prejudice.

On December 18, 1991, the Parkers filed a motion to amend their complaint in order to name Billy Joy and Jason Shenefield as defendants in their negligence action. The Shenefields filed a memorandum in opposition in which they asserted that the Parkers failed to satisfy the requirements of Civ.R. 15(D) and that, pursuant to R.C. 2305.10, the two-year statute of limitations governing actions for bodily injury/personal property damage had expired.

On December 26, 1991, the Parkers signed a release of all claims against Jerry L. Moore, Nationwide (Moore's insurer), "certain John Does subsequently identified as Jason Shenefield and/or Billy Joy Shenefield" and "any and all other persons." Nationwide paid the Parkers $100,000 to settle their claim. In addition, Moore assigned to the Parkers one-third of any monies he might receive as a result of his action for contribution against the Shenefields.

On January 13, 1992, the court below entered a judgment on the settlement agreement. The Parkers' motion to amend their complaint and the complaint itself were dismissed. The case proceeded to trial on the third-party complaint; however, Nationwide and the Parkers were substituted as the real parties in interest for the third-party plaintiff, Jerry Moore.[1]

In their trial brief, in a motion to dismiss made at the commencement of trial, and in a motion for a directed verdict at the close of third-party plaintiff's case, the Shenefields argued that the right to contribution was extinguished because the Parkers failed to name the Shenefields as defendants in the original complaint prior to the time that the applicable statute of limitations expired. That is, the Shenefields asserted that the release was executed after the running of the two-year statute of limitations and did not extinguish their liability to the Parkers because any cause of action against them ceased to exist as of July 5, 1991. Thus, the Shenefields contended that Nationwide failed to satisfy the requirements of R.C. 2307.31(B), that portion of the Ohio Contribution Among Joint Tortfeasors Act which governs settlement agreements. The trial court overruled the motions to dismiss and for a directed verdict.

After the jury reached a verdict finding that fifty percent of the negligence which caused injury to the Parkers was attributable to the Shenefields, the lower court entered judgment awarding $50,000 to Nationwide. In the same entry, the

---

1. Nationwide's brief names Jerry Moore as appellee. Nevertheless, it is Nationwide, not Moore, who was substituted as the real party in interest in the proceeding below and is the proper party to this appeal.

Parkers were dismissed from the contribution action as not being the real parties in interest. This appeal followed. The Shenefields set forth a single assignment of error:

"The lower court erred in overruling third-party defendants' motion to dismiss and motions for directed verdict at trial and in upholding a claim for contribution by a third-party plaintiff against a third-party defendant where a release, which was executed by plaintiffs pursuant to a prior settlement with the defendant third-party plaintiff, was ineffective to extinguish any claim possessed by plaintiffs' against the third-party defendant due to the fact that any such claim had already been extinguished by the running of the statute of limitations."

The Shenefields contend that Nationwide failed to satisfy the requirements of R.C. 2307.31(B) and therefore is barred from seeking contribution from them. Specifically, they argue that the release entered into by the Parkers could not have extinguished the Shenefields' liability because that liability to the Parkers expired at the time the two-year statute of limitations governing actions for bodily injury/personal property damage expired.

R.C. 2307.31 provides, in pertinent part:

"(A) * * * If two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."

" * * * *

"(B) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement which is in excess of what is reasonable."

The sole issue before this court is whether the requirements of R.C. 2307.31(B) were satisfied under Ohio law. The Shenefields assert that these requirements were not met because, due to the expiration of the statute of limitations on the Parkers' claims against them, their liability was "extinguished" prior to the execution of the release. Nationwide argues that the assertion of the affirmative defense of the running of the relevant statute of limitations does not "extinguish" the common liability. Rather, it contends that the defense simply bars a plaintiff's recovery, that is, deprives the plaintiff of a remedy and that, therefore, the liability existed at the time of the release.

In *Moler v. Quality Chevrolet, Inc.* (1981), 2 Ohio App.3d 120, 121, 2 OBR 134, 135, 440 N.E.2d 1228, 1229, the Tenth District Court of Appeals discussed the phrase "where two or more persons are jointly or severally liable in tort" as

found in R.C. 2307.31(A) and held that "a person must be liable in tort to the person injured as a condition precedent to the existence of a right to contribution between the tortfeasors." The *Moler* court concluded that the third-party plaintiff in that case had no right to contribution from the third-party defendant, who was the plaintiff's husband, due to the doctrine of interspousal immunity.

In a second case, *Couch v. Thomas* (1985), 26 Ohio App.3d 55, 57, 26 OBR 228, 230, 497 N.E.2d 1372, 1374, the court held "If one of two joint tortfeasors has an immunity or a defense shielding him or her from the plaintiff, he or she may not be held liable for contribution." (Emphasis added.) In two other cases, *Hartford Acc. & Indemn. Co. v. J.I. Case Co.* (S.D.Ohio 1985), 625 F.Supp. 1251 (applying Ohio law) and *Smith v. Withrow* (Dec. 30, 1991), CA90–12–234, unreported, 1991 WL 278258, each court discussed the effect that the defense of the expiration of the statute of limitations on a plaintiff's claim has on a release of liability in a settlement entered into after the statutory period has lapsed. Although each case was decided on other grounds, both courts noted that the releases involved could not have extinguished the liability of the tortfeasor from whom contribution was sought because that liability was previously extinguished by the running of the statute of limitations. *Hartford, supra,* at 1255; *Smith, supra.*

The foregoing cases obviously interpret "extinguish," as used in R.C. 2307.-31(B), to mean that a right of recovery by the plaintiff is barred; thus, any liability on the part of a joint tortfeasor is ended. We must agree.

 The paramount goal in the construction or interpretation of a statute is to ascertain and give effect to the legislature's intent in enacting that statute. *Featzka v. Millcraft Paper Co.* (1980), 62 Ohio St.2d 245, 247, 16 O.O.3d 280, 281, 405 N.E.2d 264, 266. A court must first look to the language of the statute to determine legislative intent. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 632. Under the Revised Code, words and phrases must be read in context and construed according to common usage R.C. 1.42.

 In this case, the pivotal term in R.C. 2307.31(B) is the verb "extinguish." In common usage, "extinguish" is defined, among other things, as "bring to an end," "to reduce to silence or ineffectiveness" and "to cause to be void: NULLI-FY." Webster's Ninth Collegiate Dictionary (1990) 440. "Liability" is a legal term which can be broadly defined, as in this case, as "responsibility for torts." Black's Law Dictionary (5 Ed.1979) 823. One who is "liable" is "responsible," "chargeable" or "answerable." *Id.* at 824. Certainly, a successful demonstration of an immunity or affirmative defense renders a plaintiff's claim of liability against a defendant ineffective and brings that liability to an end for all legal purposes. The defendant is no longer "chargeable" with that liability and is not

"answerable" to the plaintiff. Thus, while the joint tortfeasors' common liability arises at the time an injured person's cause of action accrues, the "liability" of one or more of the joint tortfeasors may be extinguished and prevent a plaintiff from recovering from that tortfeasor. We therefore conclude that "extinguished," as employed in R.C. 2307.31(B), encompasses the ending of or silencing of a joint tortfeasor's common liability by means of the running of the statute of limitations applicable to a plaintiff's negligence claim.

In this case, the Shenefields asserted the defense of the expiration of the statute of limitations when the Parkers sought to amend their complaint in order to add the Shenefields as defendants. On its face, the motion to amend was filed beyond the two-year time limit set forth in R.C. 2305.10. The trial court, without any discussion, then simply dismissed the motion to amend, found the case to be settled, and dismissed the Parkers' claims. Given the lack of reasoning in the trial court's dismissal of the Parkers' motion for leave to amend their complaint, we can only conclude that the record of this case establishes that the Shenefields demonstrated a prima facie defense to the Parkers' claims based upon the expiration of the statutory time limits for the institution of their bodily injury/personal property claims. As a consequence, the Shenefields could not be held liable to the Parkers for any damages caused by their alleged tortious conduct. That liability was, in essence, extinguished. Accordingly, the agreement executed by the Parkers could not have extinguished the Shenefields' "liability" because, legally, none existed at that point in time. As a result, Nationwide failed to satisfy the requirements of R.C. 2307.31(B) and has no right to recover contribution from the Shenefields. The trial court erred in failing to dismiss the action for contribution. The Shenefields' sole assignment of error is found well taken.

On consideration whereof, this court finds that substantial justice was not done the parties complaining, and the judgment of the Huron County Court of Common Pleas is reversed. The judgment against the Shenefields is ordered vacated. This cause is remanded to the trial court for entry of that judgment. Court costs of this appeal are assessed to Nationwide Insurance Company.

*Judgment reversed.*

GLASSER, P.J., and HANDWORK, J., concur.