**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

**v.**

**KANTER CORPORATION et al., Appellees.**

[Cite as *Nationwide Mut. Ins. Co. v. Kanter Corp.* (1995), 102 Ohio App.3d 773.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940012.

Decided May 17, 1995.

*McCaslin, Imbus & McCaslin, John J. Finnigan, Jr.,* and *Matthew R. Skinner,* for appellant.

*Benesch, Friedlander, Coplan & Aronoff, Donald J. Mooney, Jr.,* and *Linda E. Maichl,* for appellees Kanter Corporation, Robert E. Wildermuth, Joseph H. Kanter, Nancy R. Kanter and Hilary Enterprises, Inc.

*Thomas K. McMackin* and *G. Gregory Lewis,* for appellee Forest Park Plaza.

*Murdock & Halaby* and *Dennis E. Halaby,* for appellee Tenntruco, Inc.

*McIntosh, McIntosh & Knabe* and *Arthur T. Knabe,* for appellee Lawrence J. Shapiro.

*Greenebaum, Doll & McDonald, William T. Robinson III* and *Roger N. Braden,* for appellee Central Hardware Company, Inc.

*Cash, Cash, Eagen & Kessel* and *Robert B. Cash,* for appellee Linclay Corporation.

---

HILDEBRANDT, Judge.

Plaintiff-appellant, Nationwide Mutual Insurance Company ("Nationwide"), appeals from the summary judgment granted by the Hamilton County Court of Common Pleas in favor of the defendants-appellees. In its single assignment of error, Nationwide urges that the trial court erred by granting the appellees' motion for summary judgment. Finding the assignment of error unpersuasive, we affirm the trial court's judgment.

The record discloses that in 1982, Walter Comer sued Nationwide's insured, the city of Forest Park, under the theory of eminent domain. In 1983, Richard L. Shenk also sued Forest Park. Each lawsuit alleged, *inter alia,* that Forest Park was negligent in allowing the landowners upstream from these plaintiffs' respective properties to develop their properties without requiring adequate stormwater runoff systems. As a result of such negligence, these plaintiffs suffered flooding damage to their properties.

Forest Park was insured by Nationwide pursuant to a policy of insurance. On November 26, 1990, Nationwide settled with Comer for $385,000 on behalf of Forest Park. In the release executed on that date, Comer released the "City of Forest Park, City of Springdale, Ohio, and all owners of real estate located within [those cities] from 1968 to present, including but not limited to those parties identified on the attached page." [1]

In November 1990, Nationwide settled with Shenk for $6,000 on behalf of Forest Park. In the release executed on November 14, 1990, Shenk released Forest Park, Springdale, Walter Comer, Daniel Comer, Donald E. Garrod and Donald E. Garrod, Inc. and all owners of real estate located within. [2]

On December 5, 1991, Nationwide initiated the instant action against the appellees in which it sought contribution for the sums it paid to Comer and Shenk on behalf of Forest Park.

Following a period of discovery, the appellees moved for summary judgment. On November 30, 1993, the trial court issued an opinion in which it found the motions to be well taken. An entry memorializing its ruling was journalized on December 28, 1993. In its opinion, the trial court reasoned that (1) the four-year statute of limitations, R.C. 2305.09, barred Nationwide's action; (2) Nationwide's suit against the appellees was not brought within one year of the Comer and Shenk settlements, as required by R.C. 2307.02(C); and (3) the releases used to terminate the Comer and Shenk matters lacked the specificity to release the instant appellees from liability. [3] We find the trial court's reasoning to be persuasive.

---

1. The record discloses that there was no additional page to the Comer release.

2. This release did not mention an additional page.

3. See R.C. 2307.31(B), which provides:
   "A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement which is in excess of what is reasonable."

In *Nationwide Ins. Co. v. Shenefield* (1992), 85 Ohio App.3d 563, 620 N.E.2d 866, the plaintiffs were injured in an automobile accident when they were struck head-on by another vehicle which had swerved to avoid hitting Shenefield's sheep. Besides suing the other driver, who was insured by Nationwide, the plaintiffs also attempted to name Shenefield, who had permitted his sheep to wander upon the roadway and thereby contributed to the accident. After Nationwide settled with the plaintiffs on behalf of its insured, Nationwide sought contribution from Shenefield. Shenefield's attempt to raise the running of the statute of limitations as a defense was rejected by the trial court and he appealed.

■ In reversing the trial court's judgment in favor of Nationwide, for contribution from Shenefield, the court discussed the meaning of the word "extinguished," as used in R.C. 2307.31(B), and concluded that a successful demonstration of an immunity or affirmative defense works to render a plaintiff's claim ineffective and brings that liability to an end for all legal purposes. In other words, "extinguished," as employed in R.C. 2307.31, encompasses the ending of a joint tortfeasor's common liability as a result of the running of the statute of limitations applicable to a plaintiff's negligence claim.

The Shenefields asserted the defense of the expiration of the statute of limitations when the plaintiffs sought to amend their complaint to add the Shenefields as defendants. On its face, the motion to amend was filed beyond the two-year statute of limitations set forth in R.C. 2305.10. The trial court, without any discussion, dismissed the motion to amend, found the case to be settled, and dismissed the plaintiffs' claims.

Because the trial court did not explain its decision to dismiss plaintiffs' motion for leave to amend their complaint, the court of appeals in *Shenefield* concluded that the record of the case established that the Shenefields demonstrated a prima facie defense to the plaintiffs' claims based upon the expiration of the statute of limitations for the institution of their bodily-injury/personal-property claims. Moreover, the Shenefields could not be held liable to the plaintiffs for any damages caused by their alleged tortious conduct. That liability was, in effect, extinguished. Consequently, the agreement executed by the plaintiffs could not have extinguished the Shenefields' "liability" because, as a matter of law, none existed at that point in time. Because Nationwide failed to satisfy the requirements of R.C. 2307.31(B), it had no right to recover contribution from the Shenefields. *Nationwide, supra*, 85 Ohio App.3d at 567–568, 620 N.E.2d at 869.

■ We find the reasoning of the court in *Nationwide* to be compelling and dispositive of the cause *sub judice.*[4] Nationwide's settlement with Comer and Shenk, on behalf of Forest Park, did not extinguish the liability of the appellees for any damages suffered by Comer and Shenk, as that liability, if any, was already extinguished by the running of the four-year statute of limitations pursuant to R.C. 2305.09(D). Accordingly, Nationwide's sole assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

GORMAN, P.J., and SUNDERMANN, J., concur.

---

4. Because of our disposition of this issue, we need not reach the issues concerning the operation of the one-year period in which to bring a contribution action of R.C. 2307.32(C) or the specificity of the underlying releases in favor of Forest Park.