EILERMAN, Admr.,

v.

COLEGATE et al.; Browning–Ferris Industries of Ohio, Inc.,
Appellant; Great American Insurance Companies/Eagle
American Insurance Company, Appellee.

[Cite as *Eilerman v. Colegate* (1996), 115 Ohio App.3d 344.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950937.

Decided July 31, 1996.

*Lindhorst & Dreidame, James F. Brockman* and *Brian M. Kneafsey, Jr.,* for defendant/third-party plaintiff-appellant Browning–Ferris Industries of Ohio, Inc.

*Kevin L. Murphy & Associates* and *Kevin L. Murphy,* for third-party defendant-appellee Great American Insurance Companies/Eagle American Insurance Company.

---

PAINTER, Judge.

Defendant Raymond S. Colegate was driving on River Road when a truck owned by Browning–Ferris Industries of Ohio, Inc. ("BFI") backed out of a driveway, causing a collision. Greg Eilerman, a passenger in Colegate's vehicle, was killed. His father, August Eilerman, acting as administrator of Greg Eilerman's estate, filed a wrongful-death action against a number of defendants, including BFI and Colegate.

Eilerman settled with Colegate, and later executed a settlement with BFI that was not authorized by Eilerman's insurer. BFI filed a third-party complaint to determine the application of underinsured motorist coverages available to Greg Eilerman's estate. Specifically, BFI sought contribution, indemnification and a declaration of rights with respect to a policy that Great American Insurance Companies/Eagle American Insurance Company ("Great American") issued to August and Carol Eilerman, Greg Eilerman's parents. Great American filed a motion for summary judgment, which was granted by the trial court.

In its sole assignment of error, BFI argues that the trial court erred by granting Great American's motion for summary judgment and holding that BFI could not bring a third-party claim against Great American for its underinsured motorist coverage. In support of its assignment, BFI argues that (1) Eilerman validly assigned the Great American underinsured motorist coverage to BFI, and (2) BFI's claim for contribution should have been allowed against Great American despite the fact that Great American's insured was not a tortfeasor.

We do not reach the issue of whether the assignment of the proceeds under the policy was valid, because the settlement entered by BFI and Eilerman without Great American's consent terminated any rights that Eilerman had to underinsured coverage under the policy.

The Supreme Court of Ohio has held that subrogation provisions are not only valid and enforceable, but a condition precedent to the insurer's duty to provide

underinsured motorist coverage.[1]  *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447, paragraph four of the syllabus; see, also, R.C. 3937.18(E).  The Supreme Court has since modified its holding, but only with respect to what would constitute consent by an insurance company to a settlement.  The court has held that an insurer that received notice of a pending settlement and had a reasonable opportunity to protect its subrogation rights would not be able to use the subrogation clause to bar payment of underinsurance benefits.  *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456, paragraph two of the syllabus.

In the case at bar, Great American's policy included a subrogation clause as a precondition to coverage.  The clause in part states:

"A.  If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right.  That person shall do:

"1.  Whatever is necessary to enable us to exercise our rights;  and

"2.  Nothing after loss to prejudice them."

Eilerman's unauthorized settlement with BFI fully released BFI from further liability.  Eilerman did not get approval of the settlement from Great American before the settlement was executed.  Great American would have had a right to collect any amount it paid to Eilerman from BFI, which was a self-insured tortfeasor.  By executing the settlement without consent by Great American, Eilerman breached this subrogation clause in the insurance contract.  As a result, Eilerman and then his successor in interest, BFI, were no longer entitled to recover damages caused by the underinsured motorist.  Therefore, pursuant to *Bogan, supra,* we agree with Great American that it should have been afforded the opportunity to review and consent to the settlement, and Eilerman's failure to give Great American that opportunity precludes any recovery against Great American by BFI, which was released from further liability.  Of course, if BFI

---

1.  We have urged that the syllabus in *Bogan* should be overruled insofar as it holds that insureds' duties under subrogation clauses are condition precedents to coverage.  *Bacon v. W. Am. Ins. Co.* (Jul. 31, 1996), Hamilton App. No. C–950864, unreported, 1996 WL 426718.  Similar clauses in other contracts are in no way considered conditions precedent to performance.  The Second District recently summarized the remedies for breach of contract as "only those damages which are the natural and probable consequences of the breach or those damages resulting from the breach that were within the contemplation of the parties at the time of the making of the contract."  *St. Henry Tile Co., Inc. v. Cain* (Dec. 20, 1995), Darke App. No. 1371, unreported, 1995 WL 783603.  This law should govern the remedy to the insurer when an insured agrees to a settlement in violation of a subrogation clause.

However, here Great American would have been prejudiced by Eilerman's release of BFI, because any amounts paid by Great American could have been recovered from BFI, a self-insured tortfeasor.

had not been released, Great American could have paid money to BFI, only to be subrogated, and allowed to recover the money *back from BFI*—illustrating the untenable nature of BFI's position.

■ The remaining issue is whether BFI was entitled to contribution from Great American. A cause of action for contribution may be raised *against joint tortfeasors* when a defendant has paid more than its proportionate share of damages to an injured plaintiff. See, *e.g., Couch v. Thomas* (1985), 26 Ohio App.3d 55, 26 OBR 228, 497 N.E.2d 1372; *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 653 N.E.2d 235. R.C. 2307.31(A) in part states:

"Except as otherwise provided in this section or section 2307.32 of the Revised Code, *if two or more persons are jointly or severally liable* in tort for the same injury or loss to persons or property or for the same wrongful death, there is a right of contribution *among them* even though judgment has not been recovered against all of them." (Emphasis added.)

Eilerman was the decedent victim in this case, not the tortfeasor. Great American was the insurer of the decedent victim. BFI has no action for contribution against Great American under any tortured or untortured theory of Ohio law.

For the reasons stated above, we overrule the assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

MARIANNA BROWN BETTMAN, P.J., and HILDEBRANDT, J., concur.