Intervenor-appellant, Physicians Insurance Company of Ohio ("PICO"), appeals a judgment of the Ohio Court of Claims overruling PICO's motion to intervene in an action between plaintiffs-appellees, Tracy Ashcraft and Carolyn Ashcraft ("Ashcrafts"), and defendant-appellee, University of Cincinnati Hospital Aring Neurological Institute ("the university").
On March 6, 1991, the Ashcrafts filed a complaint in the Ohio Court of Claims against the university for medical negligence based on the action of two physicians employed by the university. The Ashcrafts also filed a companion case in the United States District Court, Southern District of Ohio, Western Division, against Hwa-Shain Yeh, M.D., a private physician who treated Mr. Ashcraft during the course of the alleged medical malpractice, and his professional corporation. The Court of Claims entered a stay of proceedings pending the final disposition of the connected case.
The federal case proceeded to trial and, on June 6, 1996, resulted in a verdict for Mr. Ashcraft. On December 17, 1997, PICO, the medical malpractice insurer for Dr. Yeh and his professional corporation, deposited with the district court the full amount of the jury verdict plus post-judgment interest. On January 15, 1998, the district court filed an Order of Satisfaction of Judgment. On March 6, 1998, PICO filed a contribution action in the Court of Claims against the university, case No. 98-03097, which is still pending.
On May 30, 1997, the Court of Claims vacated the stay of proceedings on the Ashcrafts' case against the university. On June 10, 1998, PICO filed a motion to intervene in the Court of Claims in the Ashcrafts' case against the university pursuant to Civ.R. 17(A) and 24. Without explanation, the Court of Claims overruled this motion to intervene. PICO appeals from the denial of its motion to intervene and presents the following assignment of error:
 THE COURT OF CLAIMS ERRED WHEN IT DENIED THE PHYSICIANS INSURANCE COMPANY OF OHIO THE RIGHT TO INTERVENE AS THE REAL PARTY IN INTEREST AS TO CLAIMS BROUGHT AND PURSUED BY THE PLAINTIFF, TRACY ASHCRAFT.
The denial of a motion to intervene is a final appealable order. Likover v. Cleveland (1978), 60 Ohio App.2d 154. In support of its assignment of error, appellant has relied both on intervention of right, pursuant to Civ.R. 24(A), and permissive intervention pursuant to Civ.R. 24(B).
Civ.R. 24 provides in part:
 (A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 (B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
Although PICO claims a right to intervene, pursuant to R.C.2307.32(C), the statute does not grant an unconditional right to intervene, thus PICO must show its motion was timely and:
 "* * * (1) [T]hat he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest." * * *
Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352. All of these conditions must be established for a right to intervene to be found. The burden of proof is upon the applicant, and the trial court's ruling will not be reversed absent an abuse of discretion. See Blackburn, at 352. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Amison (1965), 2 Ohio App.2d 390.
Appellant alleges Drs. Michael Privitera and George Morris, employees of the university, were joint tortfeasors with its insured, Dr. Yeh. Appellant alleges that the judgment against Dr. Yeh represents all of Mr. Ashcraft's damages arising from the medical malpractice and that, because it has satisfied the judgment in the federal court action, it is entitled to contribution from the university and is the real party in interest in any further claim against the joint tortfeasor, the university.
When a defendant pays more than its share of damages to an injured plaintiff, a cause of action against joint tortfeasors for contribution may arise. Eilerman v. Colegate (1996),115 Ohio App.3d 344, 347; R.C. 2307.32(A). When a liability insurer, by payment, discharges in full or in part the tortfeasor's liability, the insurer becomes subrogated to the tortfeasor's right of contribution to the extent the amount it paid is in excess of its proportionate share. R.C. 2307.32(C). A contribution action may be brought despite the lack of judgment on the underlying claim against the contribution defendant, provided the contribution defendant acted tortiously and, thereby, caused damages. MetroHealth Med. Ctr. v.Hoffmann-La Roche, Inc. (1997), 80 Ohio St.3d 212, 215.
Appellant cites Shealy v. Campbell (1985), 20 Ohio St.3d 23, in support of its claim to be the real party in interest in the Ashcrafts' case against the university. In Shealy, the court defined real party in interest as "one who is directly
benefitted or injured by the outcome of the case." (Emphasissic.) Id. at 24. The court held that an insurance company that pays in full a judgment against an insured tortfeasor and becomes subrogated to that claim, is the sole real party in interest in a subsequent contribution action against a joint tortfeasor pursuant to R.C. 2307.31(C). Id. at syllabus.
Appellant asserts that all of Mr. Ashcraft's damages arising from the medical negligence were determined in the federal case against Dr. Yeh and, citing Seifert v. Burroughs (1988),38 Ohio St.3d 108, concludes that the Ashcrafts' action against the university is improper. However, the Ashcrafts dispute the claim that all their damages were recovered in the federal court action and that issue has yet to be resolved. Appellant's pending contribution action against the university will directly address appellant's interest and the denial of the motion to intervene will not impede PICO's ability to protect its interest. Inasmuch as PICO is not a party to the action between the Ashcrafts and the university, it would not be bound by that decision.
Last, other than a bare assertion, PICO has failed to demonstrate why the Ashcrafts would not adequately represent its interest as both have an interest in obtaining a substantial recovery from the university.
In light of the shared interest between the Ashcrafts and appellant that the university be found liable in negligence, the time the underlying case has been pending and appellant's pending contribution action, the trial court did not abuse its discretion when it overruled appellant's motion to intervene as of right.
As to the issue of whether permissive intervention should have been granted, for the same reasons as above, this court finds that the trial court did not abuse its discretion when it denied appellant's motion to intervene pursuant to Civ.R. 24(B). Appellant's remedy is to pursue its contribution action or to seek to consolidate both cases.
Appellant's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.