PHILLIPS ET AL. *v.* HEFFNER; HARRIS.

(No. 81-CV-0699—Decided June 1, 1983.)

Court of Common Pleas of Clermont County.

Mr. *T. David Burgess,* for plaintiffs.
Mr. *Lawrence F. Buzzelli,* for defendant and third-party plaintiff.

Mr. *Jeffrey Schwartz,* for third-party defendant.

RINGLAND, J. This matter came for hearing on March 16, 1983, on a Civ. R. 12(B)(6) motion filed by third-party defendant, David Harris, moving to dismiss the third-party complaint filed by defendant and third-party plaintiff, Ralph E. Heffner. Oral argument was had and third-party plaintiff and third-party defendant were given time to submit memoranda on the grounds of Civ. R. 12(B)(6). Third-party defendant had also filed a motion to dismiss under Civ. R. 12(E), but at hearing he withdrew his motion as to that ground.

The record reflects that Heffner (the other driver) was sued by plaintiffs who were passengers in the Harris automobile. The Harris automobile and Heffner automobile were involved in a collision on October 25, 1979. Heffner then filed a third-party complaint against Harris, driver of the automobile, demanding contribution from third-party defendant by virtue of R.C. 2307.31 and 2307.32.

No cause of action for contribution can accrue against a person who has no liability to the plaintiff. *Walterman* v. *Thornton* (C.P. 1977), 9 O.O. 3d 430.

Third-party defendant, however, concedes that plaintiffs were entitled to join him as the driver of the automobile but chose not to do so. On its face Harris may be liable for his passengers' injuries. *Thomas* v. *Herron* (1969), 20 Ohio St. 2d 62 [49 O.O.2d 344]. Civ. R. 20 permits plaintiffs to join Harris as a co-defendant but does not require them to do so. Should the fact that the passengers as plaintiffs choose not to join the driver of the automobile they were riding in preclude the other driver from joining that driver? This court thinks not.

*Nationwide Mut. Ins. Co.* v. *Marcinko* (1980), 436 N.E. 2d 551, a Meigs County Court of Common Pleas case, concerned itself with a pre-1976 contribution factual situation. The right of third-party practice

and contribution prior to the 1976 change in the statutes was aptly stated by Professor Harper in 4 Anderson's Ohio Civil Practice (1975) 504, at Section 155.20:

"It should be noted that a defendant tortfeasor may not implead a joint or concurrent tortfeasor in light of the present substantive Ohio law. In Ohio the principle of no contribution among joint and concurrent tortfeasors applies. If there is no contribution among tortfeasors, there is no liability over among them, and hence no basis for impleader. Whether the rule prohibiting contribution among concurrent tortfeasors will be changed in the future by Ohio court decisions remains to be seen."

However, since the passage of R.C. 2307.31[1] the same treatise has changed its posture as evidenced in page 87 of its 1983 Cumulative Supplement:

"Prior to 1976 Ohio substantive law prohibited contribution among joint or concurrent tortfeasors. Hence if a plaintiff chose to sue one concurrent tortfeasor, that tortfeasor could not implead his fellow tortfeasor because of the lack of the possibility of 'contribution' or 'liability over.' On October 1, 1976, however, R.C. §§ 2307.31-2307.32 became effective, changing Ohio substantive law and permitting contribution among joint and concurrent tortfeasors. As a result, if a tortfeasor is now named as a defendant, he may implead his fellow concurrent tortfeasor on the theory that the impleaded tortfeasor 'is or may be liable' over the defendant tortfeasor for a fair share of the damages which plaintiff may recover."

A close reading of the cases cited by third-party defendant does not contradict this posture propounded by Professor Harper. Further the philosophy of Civ. R. 14 as well as the Civil Rules in general, avoiding delay and repetitious procedure, conform with Professor Harper's position. Therefore, third-party defendant's motion is not well-taken and, based upon the status of pleading under Civ. R. 12(B)(6) as well as Civ. R. 14, the motion to dismiss is hereby denied. Third-party defendant, however, is granted leave if the occasion arises to file at a later date for the court's consideration a motion to sever or bifurcate.[2]

*Motion to dismiss denied.*

---

[1] The passage of R.C. 2307.31 presumably has changed the relevancy of the holding in *State Farm Mut. Ins. Co.* v. *Charlton* (1974), 41 Ohio App. 2d 107.

[2] See *Jeub* v. *B/G Foods, Inc.* (D. Minn. 1942), 2 F.R.D. 238 (contribution which is in the future does not prevent third-party practice. If judgment against third-party defendant can be stayed until judgment was paid or satisfied or have judgment against third-party conditional on the defendant's first satisfying his own liability). See, also, *St. Paul Fire & Marine Ins. Co.* v. *United States Lines Co.* (C.A. 2, 1958), 258 F. 2d 374, and *McPherson* v. *Hoffman* (C.A. 6, 1960), 275 F. 2d 466.