HENRY et al.

v.

**CONSOLIDATED STORES INTERNATIONAL CORPORATION,**
**Appellant; Setterlin Construction Company et al., Appellees.**

[Cite as *Henry v. Consol. Stores Internatl. Corp.* (1993), 89 Ohio App.3d 417.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–131.

Decided Aug. 26, 1993.

*Isaac, Brant, Ledman & Becker* and *David E. Ballard,* for appellant Consolidated Stores International Corporation.

*Lane, Alton & Horst, Karen Krisher Rosenberg* and *Michael D. Jeffers,* for appellee Setterlin Construction Co.

*Wiles, Doucher, Van Buren & Boyle* and *David T. Patterson,* for appellee The Painting Co.

DESHLER, Judge.

Defendant-appellant, Consolidated Stores International Corporation ("Consolidated"), appeals from two judgments of the Franklin County Court of Common

Pleas dismissing its cross-claims for indemnity and/or contribution against defendant-appellee, Setterlin Construction ("Setterlin") and defendant-appellee, The Painting Company.

Plaintiffs in this action, Gerald R. Henry and Patricia Henry, are not parties to this appeal. The Henrys brought a personal injury action against Consolidated on October 15, 1990, alleging that Gerald Henry had contracted ocular histoplasmosis caused by exposure to pigeon droppings and dead birds while he was employed by a subcontractor installing sprinkler systems in a building owned by Consolidated. On January 4, 1991, Consolidated filed a third-party complaint for contribution or indemnification against Setterlin, the general contractor on the project.

Plaintiffs voluntarily dismissed their action without prejudice on April 2, 1991, and subsequently refiled a complaint against Consolidated on June 24, 1991. Plaintiffs filed a motion for leave to amend on July 20, 1991, intending to add Setterlin and The Painting Company, a subcontractor on the project, as defendants. The amended complaint, however, was not filed until April 17, 1992. Consolidated then filed cross-claims for contribution or indemnity against both Setterlin and The Painting Company on July 16, 1992.

Both Setterlin and The Painting Company filed motions for summary judgment, asserting that plaintiffs had failed to file the amended complaint naming Setterlin and The Painting Company within the period required by the statute of limitations for tort actions. The trial court granted the motions with regard to plaintiffs' claims against Setterlin and The Painting Company, and also found that Consolidated's cross-claims were barred because the successful plea by appellees of the defense of the statute of limitations to prevent liability to plaintiffs also precluded liability to Consolidated for indemnity or contribution. The trial court filed two separate judgment entries, dismissing all claims against Setterlin and The Painting Company, respectively. The order concerning The Painting Company noted that, pursuant to Civ.R. 54(B), there was no just cause for delay; the order concerning Setterlin did not contain such language.

Consolidated has timely appealed and brings the following assignment of error:

"The trial court erred in granting summary judgment against appellant on its cross-claims for indemnity and contribution."

In support of this assignment of error, Consolidated argues that the trial court incorrectly concluded that appellees' successful interposing of the statute of limitations to bar plaintiffs' claims against appellees also served to bar Consolidated's cross-claims for contribution and indemnification. Appellees respond that a defendant shielded from liability to a plaintiff due to the statute of limitations is similarly shielded from liability for contribution or indemnification to a joint or

concurrent tortfeasor. Appellee Setterlin also argues that the case is not properly before this court with regard to Setterlin, because the judgment entry dismissing plaintiffs' and Consolidated's claims against Setterlin does not meet the requirements of Civ.R. 54(B) and, therefore, is not a final appealable order.

■ Addressing, first, Setterlin's contention that it is not subject to a final appealable order and therefore not properly before this court, we find that this assertion is correct. Civ.R. 54(B) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *"

Despite the fact that the trial court's entry dismissing all claims against Setterlin satisfies the requirements of R.C. 2505.02 for a final order, see, *e.g.*, *Carter v. Am. Aggregates Corp.* (1992), 82 Ohio App.3d 181, 611 N.E.2d 512, the entry does not contain an express finding that there is no just reason for delay. The entry therefore fails to meet the standard of Civ.R. 54(B) for a final appealable order. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 89, 541 N.E.2d 64, 68. Consolidated's appeal of the trial court's order granting summary judgment on its cross-claim against Setterlin is dismissed as premature. Consolidated's appeal of the trial court's order granting summary judgment for The Painting Company can be considered independently, however, and is properly before us as an appeal from a final appealable order because of the inclusion of appropriate Civ.R. 54(B) language in the entry.

■ In reviewing the trial court's granting of summary judgment, we will apply the standard set by Civ.R. 56, which requires that a trial court examine the evidence, drawing all inferences in a light most favorable to the party opposing the motion, and determine (1) whether the moving party has demonstrated there is no genuine issue of any material fact; (2) whether the moving party is entitled to summary judgment as a matter of law; and (3) whether reasonable minds can come but to one conclusion and that conclusion is adverse to the party against whom the motion is made, after having construed the evidence most strongly in his favor. *Van Fossen v. Babcock & Wilcox* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. Under this standard, the sole issue raised by this appeal is whether the trial court erred in determining that The Painting Company was entitled to judgment as a matter of law, based on the premise that one defendant's successful assertion of the statute of limitations resulting in a bar to plaintiffs' claim also operates as a

bar to a cross-claim for indemnity or contribution asserted against that defendant by a co-defendant.

The right to contribution between joint tortfeasors must ordinarily be distinguished from the right of indemnity under an implied or express contract:

"Contribution, when it exists, is the right of a person who has been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement and arises from principles of equity and natural justice. Indemnity, on the other hand, arises from contract, express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus.

Ohio did not, at common law, allow contribution between joint tortfeasors. Indemnity between joint tortfeasors was permitted only in instances of primary and secondary, or vicarious, liability. *Id.* at 14, 70 O.O.2d at 8, 321 N.E.2d at 789. Although the parties have extensively briefed the issue of whether this case involves joint tortfeasors *in pari delicto* (in which case contribution would lie), or an instance of one secondarily liable in tort seeking indemnity from the parties primarily liable, the trial court made no ruling on this issue and we decline to determine it prematurely. We will therefore address the two possibilities in the alternative.

■ The right of contribution in Ohio is governed by R.C. 2307.31, which provides:

"(A) * * * [I]f two or more persons are jointly and severally liable in tort for the same injury or loss to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tortfeasor is compelled to make contribution beyond his own proportionate share of the common liability. * * *

"(B) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for the injury or loss to person or property or the wrongful death is not extinguished by the settlement, or in respect to any amount paid in a settlement which is in excess of what is reasonable.

" * * * *

"(G) Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or loss to person or property or for the same wrongful death, contribution may be enforced by separate action."

Ohio courts have held that a defendant's immunity defense against a plaintiff is also a defense against a co-defendant's claim for contribution. See, *e.g., Moler v. Quality Chevrolet, Inc.* (1981), 2 Ohio App.3d 120, 2 OBR 134, 440 N.E.2d 1228 (interspousal immunity), and *Couch v. Thomas* (1985), 26 Ohio App.3d 55, 26 OBR 228, 497 N.E.2d 1372 (workers' compensation law).

More on point, two cases have held that the statute of limitations can likewise bar an action by a co-defendant for contribution when it prevents an action by the plaintiff. In *Nationwide Ins. Co. v. Shenefield* (1989), 85 Ohio App.3d 563, 620 N.E.2d 866, the defendant seeking contribution executed a settlement with the plaintiff, which included a release purportedly including the co-defendant from whom contribution was sought. The court reasoned that, if R.C. 2307.31(B) allows a tortfeasor who has settled with the plaintiff to recover contribution only where the liability of the co-tortfeasor from whom contribution is claimed is "extinguished" by the settlement agreement, there could be no plaintiff's claim to extinguish after the co-tortfeasor has successfully raised the statute of limitations, and contribution would not be available. *Hartford Acc. & Indemn. Co. v. J.I. Case Co.* (S.D.Ohio 1985), 625 F.Supp. 1251, reached the same conclusion.

The latter two cases are potentially distinguishable from the one before us, which does not involve a settlement as the basis of the claim for contribution. Even without this distinction, however, we would be unable to adopt the reasoning of *Shenefield* and *Hartford,* because we do not believe that the term "liable in tort," which defines the basis for contribution under R.C. 2307.31(A), should be given so restrictive a reading as to mean, "susceptible to suffer an adverse judgment in a maintainable action by plaintiff."

The statutory scheme governing contribution in Ohio clearly contemplates that all joint tortfeasors need not be defendants in an action by the plaintiff in order for contribution to be available. R.C. 2307.31(A) provides that "there is a right of contribution among them even though judgment has not been recovered against all * * *." R.C. 2307.31(G) then specifies that:

"Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or loss to person or property or for the same wrongful death, contribution may be enforced by separate action."

Such a separate action to enforce contribution shall be brought within one year after judgment is entered against the party seeking contribution. R.C. 2307.-32(B). Civ.R. 14(A), governing third-party practice, provides:

"At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.  * * *"

Reading the statutes and rule *in pari materia*, it is apparent that a defendant who may have an action for contribution need not be held at peril to the plaintiff's diligence in naming all potential co-tortfeasors as defendants.  While an action for contribution may be derivative of the plaintiff's claim, it is not dependent upon the plaintiff's legal prosecution of that claim.  See *Phillips v. Heffner* (1983), 11 Ohio Misc.2d 25, 11 OBR 311, 464 N.E.2d 195; see, generally, McCormac, Ohio Civil Rules Practice (2 Ed.1992) 211, Section 8.22.

To accept appellee's position, under which the statute of limitations, when successfully invoked as a bar to the plaintiffs' action, may also serve as a bar to co-tortfeasor claims for contribution, is to accept an intolerable paradox:  the plaintiffs' belated suit against defendant's co-tortfeasor prejudices the defendant's right to contribution, when the complete absence of a suit clearly would not.  We therefore hold that Consolidated's claim for contribution is not barred by The Painting Company's successful interposition of the statute of limitations as an affirmative defense to plaintiffs' claim.

■  Addressing the alternative possibility that Consolidated's recovery from The Painting Company may be based on indemnity rather than contribution, we likewise find that recovery is not barred if the trial court determines that an express or implied contract for indemnity exists between the parties.  R.C. 2307.31(D) specifically provides that the statute "does not impair any right of indemnity under existing law."  The rule in Ohio, prior to the enactment of R.C. 2307.31 and 2307.32, was that, as with contribution, there existed no right of indemnity between joint or concurrent tortfeasors.  *Trowbridge, supra,* 41 Ohio St.2d at 14, 70 O.O.2d at 8, 321 N.E.2d at 789.  An exception existed with regard to indemnification, which was available in cases of primary and secondary liability:

" * * * [W]here a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable; whereas, the person committing the wrongful act is primarily liable."  (Citations omitted.)  *Id.*

As with contribution under the present statute, there is no requirement that one primarily liable be a party to the plaintiff's action as a prerequisite to an action for indemnity by one secondarily liable.  Appellee has brought no case to our attention, nor has our research disclosed any, which would establish such a

requirement. The only prerequisite appears to be that the entity from whom indemnity is sought must have been "fully and fairly informed of the claim and the pendency of the action and given full opportunity to defend or participate in the defense." *Maryland Cas. Co. v. Frederick Co.* (1944), 142 Ohio St. 605, 27 O.O. 529, 53 N.E.2d 795, paragraph four of the syllabus. Under the same reasoning as guided our conclusion with regard to contribution, therefore, we likewise hold that Consolidated's claim for indemnity is not barred by The Painting Company's successful interposition of the statute of limitations as an affirmative defense to plaintiffs' claim.

For the foregoing reasons, the trial court erred in finding that The Painting Company was entitled to summary judgment as a matter of law. Appellant's assignment of error is therefore sustained and the judgment of the trial court is reversed.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.