[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 212.]

METROHEALTH MEDICAL CENTER *v*. HOFFMANN-LAROCHE, INC.

[Cite as *MetroHealth Med. Ctr. v. Hoffmann-LaRoche, Inc*., 1997-Ohio-345.]

*Civil procedure—Joint tortfeasors—Former R.C. 2307.31 and 2307.32, construed and applied.*

(No. 96-1953—Submitted May 7, 1997—Decided November 5, 1997.)

ON ORDER CERTIFYING A QUESTION OF STATE LAW from the United States District Court, Northern District of Ohio, Eastern Division, No. 1:93 CV 484.

_____

{¶ 1} This case comes to us as a certified question of state law from the United States District Court, Northern District of Ohio, Eastern Division. The court certified the following facts to us.

{¶ 2} On September 9, 1987, Linda Carr, a thirty-nine-year-old woman, was admitted to the emergency room facility of petitioner MetroHealth Medical Center ("MetroHealth"). The next day, in preparation for a gastroscopy, physicians in the employ of MetroHealth administered drugs used for conscious sedation and nausea. One of the drugs, Versed, was manufactured by respondent Hoffmann-LaRoche, Inc. ("Hoffmann"). During the gastroscopy, Linda Carr suffered a respiratory arrest and subsequently died.

{¶ 3} Michelle Carr ("Carr"), Linda's sister and the personal representative of her estate, filed a wrongful death action as case No. 165957 in the Common Pleas Court of Cuyahoga County. In that case, Carr named MetroHealth and several of its employees as defendants. Carr then named as a new party defendant Roche Biomedical Laboratories, Inc. ("RBL"), a wholly owned subsidiary of Hoffmann. RBL was dismissed from that lawsuit because it had no involvement with Versed. Carr then filed an amended complaint, naming Hoffmann as a new party defendant. Hoffmann was dismissed with prejudice by the trial court based upon the two-year

statute of limitations set forth in R.C. 2305.10. No timely appeal was taken, and the trial court's dismissal of Hoffmann is a final judgment as to Hoffmann's liability to the estate.

{¶ 4} Subsequent to the dismissal with prejudice of Hoffmann, MetroHealth settled the remaining claims of the Carr estate. Hoffmann was named along with MetroHealth in the release. Within one year of the settlement, MetroHealth filed its suit against Hoffmann in case No. 246845 in the Common Pleas Court of Cuyahoga County. The case was removed to the United States District Court for the Northern District of Ohio by Hoffmann and is pending as the within action.

{¶ 5} In the present case, MetroHealth seeks contribution and indemnification from Hoffmann. Hoffmann has moved for partial summary judgment on MetroHealth's contribution claim, on the theory that its liability for Linda Carr's wrongful death was already extinguished when MetroHealth settled with Carr, by virtue of the dismissal with prejudice based upon the statute of limitations.

{¶ 6} The cause is before the court pursuant to Rule XVIII of the Supreme Court Rules of Practice.

––––––––––––––––

*Weston, Hurd, Fallon, Paisley & Howley, L.L.P.*, and *Stephen D. Walters*, for petitioner.

*Porter, Wright, Morris & Arthur, Hugh E. McKay, Ezio A. Listati* and *Richard M. Markus*, for respondent.

*Michael L. Cioffi*, in support of respondent for *amicus curiae*, American Premier Underwriters, Inc.

––––––––––––––––

**PFEIFER, J.**

**{¶ 7}** The United States District Court, Northern District of Ohio, Eastern Division, has certified the following questions to this court for our determination:

"[1]  For purposes of OHIO REV. CODE ANN. § 2307.31 and § 2307.32, is a contribution defendant's liability for wrongful death extinguished by the contribution plaintiff's settlement with the underlying claimant, which settlement includes a full and final release naming both the contribution plaintiff and contribution defendant, where the contribution defendant had already been dismissed with prejudice as a matter of law from the underlying claimant's action based upon the statute of limitations?

"[2]  For purposes of OHIO REV. CODE ANN. § 2307.31(B), is a contribution defendant's liability for wrongful death extinguished by the contribution plaintiff's settlement with the underlying claimant, which settlement includes a full and final release naming both the contribution plaintiff and contribution defendant, where *res judicata* barred the underlying tort claim against the contribution defendant?"

**{¶ 8}** For the reasons that follow, we answer each certified question in the affirmative.

**{¶ 9}** At common law, contribution was "the right of a person who has been compelled to pay what another should have paid in part to require partial (usually proportionate) reimbursement and [arose] from principles of equity and natural justice." *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787, paragraph two of the syllabus, overruled on other grounds in *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.* (1995), 73 Ohio St.3d 391, 653 N.E.2d 235.  However, contribution was not allowed between concurrent or joint tortfeasors.  *Id.* at 15, 70 O.O.2d at 8-9, 321 N.E.2d at 790.  To alleviate this inequity, the General Assembly enacted a statutory scheme that enabled a tortfeasor

to pursue a contribution claim against any joint tortfeasors. R.C. 2307.31 and 2307.32.[1]

{¶ 10} Former R.C. 2307.31(A) stated, "[I]f two or more persons are jointly and severally liable in tort for * * * the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. * * *" (Now found in R.C. 2307.32[A].)

{¶ 11} Former R.C. 2307.31(B) stated, "A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor whose liability for * * * the wrongful death is not extinguished by the settlement * * *." (Now found in R.C. 2307.32[B].)

{¶ 12} Former R.C. 2307.31(G) stated, "Whether or not judgment has been entered in an action against two or more tortfeasors for * * * the same wrongful death, contribution may be enforced by separate action." (Now found in R.C. 2307.32[G].)

{¶ 13} Former R.C. 2307.32(B) stated, "If there is a judgment for * * * wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution shall be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review." (Now found in R.C. 2307.33[B].)

{¶ 14} A contribution claim may go forward notwithstanding the lack of a judgment on the underlying claim against the contribution defendant, notwithstanding even the lack of an action on the underlying claim. R.C. 2307.31(A), (B) and (G). The contribution defendant need merely be "liable in tort" for the same injury to be subject to a contribution claim. R.C. 2307.31(A). We conclude with respect to R.C. 2307.31(A) that "liable in tort" means no more than that the contribution defendant acted tortiously and thereby caused damages.

---

1. The statutes referred to in this opinion are the former versions as they existed before their amendment in Am.Sub.H.B. No. 350, effective January 27, 1997.

This conclusion is in keeping with the evident purpose of the statutory scheme to make contribution readily available between joint tortfeasors. That Hoffmann was not "susceptible to suffer an adverse judgment in a maintainable action by [the underlying claimant]" at the time the contribution action was filed is not dispositive. *Henry v. Consol. Stores Internatl. Corp.* (1993), 89 Ohio App.3d 417, 422, 624 N.E.2d 796, 799.

{¶ 15} Hoffmann argues that the expiration of the limitations period on the underlying tort claim extinguished its liability and therefore that a subsequent contribution action is also barred. See *Nationwide Ins. Co. v. Shenefield* (1992), 85 Ohio App.3d 563, 620 N.E.2d 866. But, see, *Henry, supra.* Acceptance of that position by this court would enable plaintiffs to absolve chosen defendants of liability. The plaintiff could wait to file a complaint until a claim against one of the defendants, but not the other, was time-barred, thereby destroying the disfavored defendant's statutory right to contribution. See *Smith v. Jackson* (1986), 106 Wash.2d 298, 301-302, 721 P.2d 508, 509-510; *Sziber v. Stout* (1984), 419 Mich. 514, 536-537, 358 N.W.2d 330, 339-340. Such a situation is inequitable and was clearly not intended by the General Assembly.

{¶ 16} The injustice of the position advocated by Hoffmann is further illustrated by the "intolerable paradox" discussed in *Henry*, 89 Ohio App.3d at 423, 624 N.E.2d at 800. Hoffmann's position is that a contribution defendant's liability is not extinguished by a settlement within the meaning of R.C. 2307.31(B), and therefore that contribution is not available, where the contribution defendant has already been dismissed with prejudice from the underlying suit. In other words, it was the dismissal, not the settlement, that extinguished Hoffmann's liability. According to this argument, a settling tortfeasor is barred from pursuing a fellow tortfeasor who was dismissed but not one who was never sued. It is apparent to us that the General Assembly did not intend the underlying claimant's diligence, or lack of diligence, to affect the contribution plaintiff's right to contribution. This

conclusion is evidenced by the fact that the statutory scheme does not require a judgment or even an action as a prerequisite to a contribution claim. R.C. 2307.31(A) and (G).

{¶ 17} A defendant who loses at trial to the underlying claimant has a clear right to pursue contribution from a joint tortfeasor unless the joint tortfeasor has been adjudicated not liable. To hold otherwise with respect to a defendant who "loses" by settling would penalize tortfeasors for settling. The statutes do not support and we cannot justify such a rule. To the contrary, we should strive to remove obstacles to settlement efforts.

{¶ 18} Based on our analysis of the entire statutory scheme, we are convinced that the General Assembly's primary intention in enacting R.C. 2307.31(B) was to prevent the inequitable situation of a tortfeasor paying contribution to a fellow tortfeasor who has settled *and* remaining subject to liability on the underlying claim. Though the words "extinguished by the settlement" are not surplusage, they cannot mean that a joint tortfeasor may avoid liability for contribution because of a technical nicety. Rather, we conclude that the General Assembly intended to ensure that no contribution defendant would be subject to double liability. In this case, Hoffmann is not subject to double liability, because it was specifically named in the release.

{¶ 19} The certified questions before us compel stark "yes" or "no" answers. Such choices make our task easier, because we need do no more than answer "yes" or "no," and harder, because it is so difficult to foresee all the situations that will be governed by our answer. See Kutner, Contribution Among Tortfeasors: The Effects of Statutes of Limitations and Other Time Limitations (1980), 33 Okla. L.Rev. 203 (fourteen hypothetical cases involving contribution and statutes of limitations). With that in mind, we are convinced that a negative answer to the first certified question would frustrate the purpose of the statutory scheme and exacerbate the plight of parties seeking contribution.

**{¶ 20}** We conclude that a contribution plaintiff's claim should not be compromised merely because the underlying claimant failed to comply with a statute of limitations as to the contribution defendant. This position has been adopted by an "overwhelming majority of jurisdictions." *Smith v. Jackson, supra*, 106 Wash.2d at 302, 721 P.2d at 510. See Annotation, What Statute of Limitations Applies to Action for Contribution Against Joint Tortfeasor (1975), 57 A.L.R.3d 867. We answer the first certified question in the affirmative.

**{¶ 21}** We turn now to the second certified question. The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226, 228. Claim preclusion "prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062, citing *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67, paragraph one of the syllabus. Issue preclusion "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.' " *Krahn*, 43 Ohio St.3d at 107, 538 N.E.2d at 1062, quoting *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 734, 443 N.E.2d 978, 981.

**{¶ 22}** This court recognized in *Natl. Mut. Ins. Co. v. Whitmer* (1982), 70 Ohio St.2d 149, 151-152, 24 O.O.3d 248, 249, 435 N.E.2d 1121, 1123, that a contribution action differs from the underlying action when it stated that "[i]t is clear from the provisions of the Act [R.C. 2307.31 and 2307.32] that the liability for contribution is distinct from the liability for the jointly committed tort. * * * Ohio's statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors *inter se* when one of them discharges the common liability."

**{¶ 23}** Based on the distinction between a tort claim and a contribution claim noted by this court in *Whitmer* and the above analysis regarding the first certified question, we conclude that *res judicata* does not preclude a contribution claim when the underlying claim failed because of the expiration of a statute of limitations. We answer the second certified question in the affirmative.

*Judgment accordingly.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

**{¶ 24}** The applicable statute of limitations, not the release obtained by MetroHealth Medical Center ("MetroHealth") in connection with its settlement, "extinguished" any potential liability on the part of Hoffmann-LaRoche ("Hoffmann") for Linda Carr's death within the meaning of former R.C. 2307.31(B). Accordingly, I respectfully dissent from the majority's conclusion that MetroHealth possesses a statutory right to seek contribution from Hoffmann.

**{¶ 25}** A joint tortfeasor's right to seek contribution from others who may be liable for the victim's injury is derived solely from statute. Former R.C. 2307.31(B) foreclosed a settling tortfeasor from seeking contribution from any other tortfeasor whose potential liability for "the injury or loss to person or property or the wrongful death is not extinguished *by the settlement* * * *." (Emphasis added.)

**{¶ 26}** In interpreting a statute, courts must first look to its language to determine what the legislature intended. *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus. Words and phrases of the statute must be read in context and accorded their common usage. R.C. 1.42. The common usages of "extinguish" and "liable" are accurately set forth by the Huron County

Court of Appeals in the following passage from *Nationwide Ins. Co. v. Shenefield* (1992), 85 Ohio App.3d 563, 567-568, 620 N.E.2d 866, 869:

"In common usage, 'extinguish' is defined, among other things, as 'bring to an end,' 'to reduce to silence or ineffectiveness' and 'to cause to be void: NULLIFY.' Webster's Ninth Collegiate Dictionary (1990) 440. 'Liability' is a legal term which can be broadly defined, as in this case, as 'responsibility for torts.' Black's Law Dictionary (5 Ed.1979) 823. One who is 'liable' is 'responsible,' 'chargeable' or 'answerable.' *Id*. at 824. Certainly, a successful demonstration of an immunity or affirmative defense renders a plaintiff's claim of liability against a defendant ineffective and brings that liability to an end for all legal purposes. The defendant is no longer 'chargeable' with that liability and is not 'answerable' to the plaintiff. "

{¶ 27} When read in context with the foregoing, the clear import of the phrase "by the settlement" is that, for the statute to create a right of contribution in favor of the settling tortfeasor, the settlement release and no other independent event must extinguish a joint tortfeasor's liability to the victim. On the other hand, if some other independent event, such as expiration of a statute of limitations or a dismissal with prejudice, has extinguished a tortfeasor's liability to the victim prior to any settlement, liability no longer exists to be extinguished by a later settlement release.

{¶ 28} The majority bases its interpretation of former R.C. 2307.31(B) not on the language of that division, but on an assumption that the legislature couldn't have meant what it said.[2] In support of its analysis, the majority cites the "intolerable paradox" discussed by the Franklin County Court of Appeals in *Henry*

---

2. This sort of reasoning has no place in the work of statutory interpretation. Our inquiry is limited to "the intent that a reasonable person would gather from the *text* of the law, placed alongside the remainder of the *corpus juris*." (Emphasis added.) Scalia, A Matter of Interpretation: Federal Courts and the Law (1997) 17.

*v. Consol. Stores Internatl. Corp.* (1993), 89 Ohio App.3d 417, 624 N.E.2d 796. That the "intolerable paradox" is itself a fallacy, however, is apparent from analysis of the following *Henry* rationale:

"To accept appellee's position, under which the statute of limitations, when successfully invoked as a bar to the plaintiffs' action, may also serve as a bar to co-tortfeasor claims for contribution, is to accept an intolerable paradox: the plaintiffs' belated suit against defendant's co-tortfeasor prejudices the defendant's right to contribution, when the complete absence of a suit clearly would not." *Id.* at 423, 624 N.E.2d at 800.

{¶ 29} With respect to the first certified question, it does not matter whether the underlying tort victim named the contribution plaintiff in the tort action, or even that the tort victim filed suit at all. What is important is whether a settlement release obtained from the tort victim extinguished any potential liability on the part of a co-tortfeasor. In this case, the applicable statute of limitations for the tort victim to sue Hoffmann expired before MetroHealth obtained its settlement release. Accordingly, there was simply no remaining liability attributable to Hoffmann for the settlement release to extinguish and, consequently, there is no basis for MetroHealth to compel Hoffmann's contribution.

{¶ 30} With respect to the second certified question, it is true that "but for" Hoffmann's status as a defendant in the underlying tort action there could be no *res judicata* bar. That *res judicata* operates in favor of a party *because* he prevailed in an earlier lawsuit, however, is neither "intolerable" nor a "paradox." In this case, *res judicata,* although different in character, acted exactly like the statute of limitations in that it — not the later settlement release — extinguished any potential liability of Hoffmann to the tort victim.

{¶ 31} Additionally, the majority rejects the plain language of the statute based on a hypothetical scenario where a plaintiff in a tort action "wait[s] to file a complaint until a claim against one of the defendants, but not the other, is time-

barred, thereby destroying the disfavored defendant's statutory right to contribution." That a circumstance may exist where application of a statute according to its terms would be undesirable, however, does not give this court authority to ignore the statute's manifest purpose as revealed by its unambiguous language. As stated in *State ex rel. Foster v. Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E.2d 265, paragraphs seven and eight of the syllabus:

"Courts have no legislative authority and should not make their office of expounding statutes a cloak for supplying something omitted from an act by the General Assembly.

"There is no authority under any rule of statutory construction to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for." (Citation omitted.)

{¶ 32} Applying the plain language of former R.C. 2307.31 and 2307.32 to the facts of this certified case, I conclude that the settlement release obtained by MetroHealth on Hoffmann's behalf did not act to extinguish Hoffmann's liability. Any such liability already had been extinguished by the statute of limitations and *res judicata*. Accordingly, I would answer both certified questions in the negative.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing dissenting opinion.

———————————