The following appeal and cross-appeal arise from the decision of the Mahoning County Court of Common Pleas sustaining in part and overruling in part defendants' Civ.R. 12(B)(6) motion to dismiss plaintiffs' complaint seeking contribution. For the reasons set forth below, the decision of the trial court is hereby affirmed.
 I. FACTS
On January 23, 1997, Goodyear Tire Rubber Company and Richard F. Moyer (collectively referred to as "plaintiffs" herein) filed a complaint for contribution against Robert J. Brocker, Jr. "M.D., Inc.; Neurological Diagnostic Clinic, Inc.; Robert J. Brocker, Sr., M.D.; Robert J. Brocker, Jr., M.D.; and Brian Brocker, M.D. (collectively referred to as "defendants" herein) Plaintiffs' claim for contribution arose out of an adverse trial court judgment in Sullinger v. Moyer, et al. which was journalized on October 15, 1996. In Sullinger, a jury awarded Ms. Sullinger $1,607,000 after finding that Goodyear's employee negligently operated a company vehicle thereby causing a collision which resulted in severe injuries to Ms. Sullinger. As a result of these injuries, Ms. Sullinger sought and received treatment from defendants from April of 1992 through the end of 1993. Plaintiffs allege that defendants committed malpractice during the course of treating Ms. Sullinger which in part aggravated or caused the injuries for which the $1,607,000 jury verdict was granted. As such, plaintiffs argued that they were entitled to contribution from defendants.
On April 30, 1997, defendants filed a motion to dismiss in response to plaintiffs' complaint for contribution. Defendants provided two grounds as support for said motion. First, defendants argued that they were not subject to a contribution action as they could not be found liable in tort as related to Ms. Sullinger's injuries. In that a medical malpractice action was subject to a one year statute of limitations and no such action was timely brought against them, defendants asserted that they were not liable in tort and therefore had no duty of contribution. In the event the trial court did not agree with defendants' first basis for dismissal, a second argument was proposed alleging that the contribution action was prematurely raised. Pursuant to former R.C. 2307.32(B), defendants asserted that a contribution action could only be brought after the judgment had become final by lapse of time for appeal or after full appellate review. In that Sullinger was still pending on appeal at the time the contribution complaint was filed, plaintiffs claim was not yet ripe.
Following a myriad of briefs as related to the motion to dismiss, the trial court granted dismissal of the complaint via its August 27, 1997 judgment entry. In its entry, the trial court opined that although plaintiffs' complaint was not barred as being beyond the time for commencement, the action was premature pursuant to R.C. 2307.32(B). In that plaintiffs' action was viewed as not yet having accrued, the trial court held that the complaint alleging such was subject to dismissal pursuant to Civ.R. 12(B)(6). Both parties filed timely appeals from the trial court's decision.
 II. DEFENDANTS' ASSIGNMENT OF ERROR
Defendants raise a single assignment of error on appeal which reads:
 "THE TRIAL COURT SHOULD HAVE DISMISSED THE APPELLEES' — GOODYEAR'S COMPLAINT, BECAUSE THE STATUTE OF LIMITATIONS PROVIDED BY R.C. 2305.11
BARRED THE FILING OF THE `MEDICAL CLAIM' THAT WAS PLEADED."
Although the trial court dismissed plaintiffs' complaint as being premature, defendants contend that the complaint should have been dismissed as it was barred on statute of limitation grounds. It is defendants' position that plaintiffs rely upon a medical malpractice action in bringing its complaint for contribution. As such, it is argued that the one year statute of limitations as set forth in R.C. 2305.11 should be applicable. Essentially, defendants assert that the claim for contribution is a derivative medical claim which falls within the scope of the statute. In that defendants last provided treatment in December of 1993 and the complaint for contribution was not filed until January 1997, the claim should be time barred. Defendants argue that since any claim for medical malpractice has been extinguished by the passing of time, they are no longer "liable in tort." Absent any legal liability, defendants believe they cannot be made a party to any contribution claim.
 A APPLICABLE LAW
Despite defendants' contention that the one year statute of limitations set forth in R.C. 2305.11 is applicable to the case at bar, such is not the case. Former R.C. 2307.32(B), establishes the statute of limitations for contribution actions as "one year after the judgment has become final by lapse of time for appeal or after appellate review." The Ohio Supreme Court as well as this court have previously addressed the issue of which statute of limitations to apply in contribution actions.
In MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc. (1997),80 Ohio St.3d 212, the Supreme Court clearly established that the expiration of the limitations period on the underlying tort claim cannot extinguish a subsequent contribution action. Id. at 215. In its decision the court cited to former R.C. 2307.31(A), (B) and (G) in support of its holding that a claim for contribution "may go forward notwithstanding the lack of a judgment on the underlying claim against the contribution defendant, notwithstanding even the lack of an action on the underlyingclaim." (Emphasis added). Id. The fact that the contribution defendant was not susceptible to suffering an adverse judgment in a maintainable action at the time the contribution claim was raised was held not to be dispositive. Id. In the court's opinion, to permit such a finding would serve to enable plaintiffs to absolve certain defendants of liability to the detriment of defendants who should be able to maintain a contribution action. Id. As the Supreme Court put it, "the General Assembly did not intend the underlying claimant's diligence, or lack of diligence, to affect the contribution plaintiff's right to contribution." Id. at 216. The court further found that this position had been adopted by an "overwhelming majority of jurisdictions". Id.
In reaching its holding in MetroHealth Med. Ctr., supra, the court relied upon the Tenth District's decision in Henry v.Consol. Stores Internatl. Corp. (1993), 89 Ohio App.3d 417. In Henry, the court espoused the position adopted by the Supreme Court that a defendant who may have an action for contribution is not at the peril of a plaintiff's diligence in naming all potential co-tortfeasors as defendants. Id. at 423. While a contribution action may be a derivative claim of plaintiff's action, it was held that the contribution claim was not dependent on the legal prosecution of that claim. Id. This court adopted the position set forth in Henry which was later accepted by the Ohio Supreme Court in MetroHealth Med. Ctr. when we decidedKirchner v. Eaton Constr. Co. (Oct. 12, 1995), Belmont App. No. 94-B-46, unreported.
These decisions provide further insight as to who may be pursued in a contribution claim. As previously stated, former R.C. 2307.31(A), (B) and (G) provide that a claim for contribution may proceed despite the fact that there has been no judgment against the defendant on the underlying claim. Furthermore, there may be a claim even if no action exists against the defendant on the underlying claim. MetroHealth Med.Ctr., supra at 215. Although the statute provides that a contribution defendant be "liable in tort" for the injury in order to be susceptible to a contribution claim, this language does not equate to judgment in the underlying claim. Id. The language "liable in tort" has been held to solely mean that the contribution defendant "acted tortiously and thereby caused damages." Fidelholtz v. Peller (1998), 81 Ohio St.3d 197, 202
citing MetroHealth Med. Ctr., supra at 215. This determination may be made by means other than a jury finding in the underlying claim. Id.
 B. ANALYSIS
Based upon the above authority, the trial court correctly concluded that plaintiffs' claim for contribution was not time barred by the one year statute of limitations set forth in R.C.2305.11. When plaintiffs filed their claim for contribution in January of 1997, the appellate procedure on the underlying claim against plaintiffs had not yet been completed. It was not until August 6, 1997, that this court issued its decision in Sullingerv. Moyer. Furthermore, the appellate procedure did not come to an end until the Ohio Supreme Court declined jurisdiction to hear the matter on December 29, 1997. It was only at this point that the one year statute of limitations for contribution actions set forth in former R.C. 2307.32(B) began to run.
As explained in MetroHealth Med. Ctr., Henry, and Kirchner, supra it was inconsequential that defendants were not a party to the underlying claim. Furthermore, it was of no consequence that the statute of limitations had expired in regards to any potential medical malpractice claim against defendants. It has clearly been established that a contribution claim exists even though there is a lack of judgment or even a lack of a cause of action against the contribution defendant in any underlying claim. MetroHealth Med. Ctr., supra at 215. All that is required is a showing that the contribution defendant is "liable in tort" for the injuries originally at issue.
As indicated in Henry, supra, "liable in tort" should not be given such a restrictive reading as to mean to be "susceptible to suffer an adverse judgment in a maintainable action by plaintiff." Id. at 422. The court further recognized that the statutory scheme governing contribution claims does not require that all potential tortfeasors be defendants in an action by the plaintiff in order for a contribution action to be maintainable.Id. All that is required is a showing that the contribution defendant acted tortiously and thereby caused damages.MetroHealth Med. Ctr., supra. Furthermore, said showing need not be by a jury finding in the underlying claim. Fidelholtz, supra.
This court has previously recognized the longstanding principle that "[w]hen a medical provider's negligent treatment of bodily injuries caused by a tortfeasor results in further injury or aggravation of the original injury, R.C. 2307.31 creates a right of contribution between the tortfeasor and the medical provider as to indivisible injuries." Taylor v. Brocker (1996), 111 Ohio App.3d 80,85 citing Travelers Indemn. Co. v. Trowbridge (1975),41 Ohio St.2d 11. As such, plaintiffs may illustrate that defendants are "liable in tort" during the subsequent contribution action. In so doing, plaintiffs may meet the requirements necessary to establish a contribution action.
Defendants' assignment of error is without merit.
 III. PLAINTIFFS' FIRST ASSIGNMENT OF ERROR
Plaintiffs raise two assignments of error in their cross-appeal as related to the Civ.R. 12(B)(6) dismissal of their contribution claim. Plaintiffs' first assignment of error reads:
 "THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW WHEN IT DISMISSED PLAINTIFFS-APPELLEES/CROSS-APPELLANTS' COMPLAINT IN CONTRAVENTION OF CIVIL RULE 8(A)."
In plaintiffs' first assignment of error, various cases are cited for the proposition that a complaint may not be dismissed for failure to state a claim upon which relief may be granted unless it appears beyond doubt that plaintiffs can prove no set of facts in support of the claim which would entitle them to relief. Johnson v. Wilkinson (1992), 84 Ohio App.3d 509; Lasterv. Bowman (1977), 52 Ohio App.2d 379; Salyers v. Burkhart (1974),47 Ohio App.2d 90. Plaintiffs argue that the complaint adequately stated a claim for contribution pursuant to Civ.R. 8(A) which only requires a short and plain statement of the claim and a demand for judgment. However, it appears that plaintiffs have misread the trial court's judgment entry which originally disposed of this case. The trial court did not dismiss the complaint on the grounds that the claim for contribution was inadequately plead. Rather, the trial court held that the issue was not yet ripe as the underlying judgment in Sullinger, supra
had not yet completed appellate review. As such, the trial court determined that plaintiffs' contribution action had "yet to accrue."
A claim will be deemed to lack ripeness in the event "the time for judicial relief is simply not yet arrived, even though the alleged action of the [party] foretells legal injury * * *."State ex rel. Elyria Foundry Co. v. Indus. Comm. (1998), 82 Ohio St.3d 88,89. Pursuant to former R.C. 2307.32(B), "[i]f there is a judgment for the injury or loss to person * * * against the tortfeasor seeking contribution, any separate action by that tortfeasor to enforce contribution shall be commenced within one year after the judgment has become final by lapse of time for appeal or after appellate review."
Based upon the clear language contained in the statute, it is clear that a contribution action could not be pursued by plaintiffs until appellate review had been completed in the underlying case. Since the Ohio Supreme Court did not decline jurisdiction to hear Sullinger, supra until December 29, 1997, plaintiffs were foreclosed from bringing a contribution claim until after this date. Therefore, the complaint filed in January of 1997 was prematurely brought by plaintiffs and the trial court was correct in its determination that a contribution cause of action had not yet accrued at the time the complaint was filed. Plaintiffs' first assignment of error is without merit.
 IV. PLAINTIFFS' SECOND ASSIGNMENT OF ERROR
Plaintiffs' second assignment of error reads:
 "THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY FAILING TO APPLY THE DOCTRINE OF RES JUDICATA WHEN DETERMINING THE TIMELINESS OF THE FILING OF CROSS-APPELLANTS' ACTION FOR CONTRIBUTION."
In plaintiffs' second assignment of error, it is argued that the doctrine of res judicata should apply to a statement made by this court regarding ripeness in Sullinger v. Moyer, et al. (Aug. 6, 1997), Mahoning App. No. 96-CA-152, unreported. This court decided Sullinger subsequent to the trial court's dismissal of plaintiffs' complaint for contribution. In this decision, this court stated as follows:
 "The record indicates that appellants [plaintiffs] have, in fact, already filed a compliant for contribution against the proposed third party defendants [defendants], and have done so in a timely manner in the Court of Common Pleas in Mahoning County." Id. at 13-14.
Plaintiffs contend that this statement essentially establishes that their complaint was not prematurely filed as alleged by the trial court in its judgment entry. Therefore, the doctrine of res judicata is argued to be applicable thereby substantiating a reversal of the trial court's dismissal of the contribution claim.
However, the doctrine of res judicata applies only when a valid, final judgment has been rendered upon the merits and an identity of parties or their privies exists. Ameigh v. BaycliffsCorp. (1998), 81 Ohio St.3d 247, 249 citing Whitehead v. Gen.Tel. Co. (1969), 20 Ohio St.2d 108, paragraph one of the syllabus. Furthermore, res judicata is applicable where an issue has been "actually and necessarily litigated and determined in a prior action." Id. citing Krahn v. Kinney (1989), 43 Ohio St.3d 103,107. In our decision in Sullinger, it cannot be held that our one sentence statement equated to a valid, final judgment rendered upon the merits. Similarly, the statement cannot be construed as having actually and necessarily determined the issue of ripeness. This sentence was included in the prior opinion solely to demonstrate that the trial court's refusal to allow impleader did not leave plaintiffs without a remedy against defendants. Moreover, the phrase "in a timely manner" in our opinion merely implies that the contribution action was not barred by a statute of limitations. It does not imply that the case was ripe. Since, the issue of ripeness was not actually before this court in the prior appeal, the statement quoted from our opinion by plaintiffs is dicta rather than the actual holding of the case. As such, it has no precedential value and certainly cannot be utilized to support an argument on the basis of res judicata. Therefore, plaintiffs' second assignment of error is also without merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.[1]
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 _________________________________ JOSEPH J. VUKOVICH, JUDGE
[1] This court notes its awareness of the fact that appellate review was completed in the case of Sullinger v. Moyer, et al.,supra on December 29, 1997. While normally the statute of limitations on the contribution action would have expired on December 29, 1998, such is not the case here. Due to the fact that this matter was pending in this court on the issue of the timeliness of the contribution action, the statute of limitations is deemed to be tolled during the pendency of this case. As such, the statute of limitations commences to run only upon the date of this court's opinion. To hold otherwise would be to force plaintiffs to risk losing the benefit of the contribution claim, the subject of this appeal.