[Cite as *Ohio Cas. Ins. Co. v. Allied Technical Servs., Inc.*, 2014-Ohio-748.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

OHIO CASUALTY INSURANCE
COMPANY, et al.

      Appellants

      v.

ALLIED TECHNICAL SERVICES, INC.

      Appellee

C.A. No.     13CA010376


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10CV169112

DECISION AND JOURNAL ENTRY

Dated: March 3, 2014

---

WHITMORE, Judge.

{¶1} Plaintiff-Appellants, Ohio Casualty Insurance Co. ("Ohio Casualty") and N&N Construction, Inc. ("N&N"), appeal from the judgment of the Lorain County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Allied Technical Services, Inc. ("Allied"). This Court reverses.

I

{¶2} N&N was hired by the City of North Ridgeville to repair a portion of its sanitary sewer system. Before winning the bid to perform the work, N&N asked Allied to come to the project site and make a recommendation regarding the type of pump N&N would need to perform the work. N&N needed the pump to help create a bypass in the area of the sewer system that required repair. Allied evaluated the area at issue and, based on the information that N&N provided, recommended an eight-inch pump. N&N rented the eight-inch pump from Allied on the day the project began.

**{¶3}** Although N&N had estimated that the repair to the sewer system would take only one day, the repair was not complete at the end of the day. N&N left the pump in place overnight with plans to return the following morning. That same night, however, it began to rain. When N&N arrived on site the following morning, it discovered that the sewer system had flooded. According to N&N, Allied's pump never stopped working; it was simply too small to handle the increased flow that had occurred. Ohio Casualty, N&N's insurer, ultimately settled with the homeowners who suffered property damage as a result of the flooding and obtained a release.

**{¶4}** Subsequently, N&N and Ohio Casualty brought suit against Allied for statutory contribution or, in the alternative, indemnity. Allied answered and later filed a motion for summary judgment in which it claimed that the indemnification and warranty provisions of the rental agreement that N&N had signed barred the claims in the complaint. Ohio Casualty responded in opposition, and both parties later supplemented their respective filings.

**{¶5}** The trial court initially denied Allied's motion for summary judgment. In doing so, the court held that genuine issues of material fact remained for trial, "such as whether Allied was negligent in failing to properly size the pump * * * and whether that failure was a proximate cause of the damage paid by Plaintiff Ohio Casualty." Directly before trial, however, the court reconsidered its ruling. The court held that the terms of the rental agreement N&N signed with Allied "supercede[d] any claim of tort liability" and granted Allied's motion for summary judgment.

**{¶6}** N&N and Ohio Casualty now appeal and raise one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN DISMISSING A STATUTORY CLAIM FOR
CONTRIBUTION AND IMPLIED INDEMNITY.

{¶7}    In their sole assignment of error, N&N and Ohio Casualty argue that the trial

court erred by granting summary judgment in favor of Allied.  Because the court improperly cast

N&N and Ohio Casualty's suit as one for breach of warranty, we agree the matter must be

reversed and remanded for further proceedings.

{¶8}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio*

*Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Pursuant to Civ.R. 56(C), summary judgment is

proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the
> moving party is entitled to judgment as a matter of law; and (3) it appears from
> the evidence that reasonable minds can come to but one conclusion, and viewing
> such evidence most strongly in favor of the party against whom the motion for
> summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  The party moving for summary

judgment bears the initial burden of informing the trial court of the basis for the motion and

pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher*

*v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the

motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id.*  Once

this burden is satisfied, the non-moving party bears the burden of offering specific facts to show

a genuine issue for trial.  *Id.* at 293.  The non-moving party may not rest upon the mere

allegations and denials in the pleadings but instead must point to or submit some evidentiary

material that demonstrates a genuine dispute over a material fact.  *Henkle v. Henkle*, 75 Ohio

App.3d 732, 735 (12th Dist.1991).

**{¶9}** "[A] claim for contribution may be enforced against a joint tortfeasor in a separate action." *Western Reserve Group v. Hartman*, 9th Dist. Lorain No. 04CA008451, 2004-Ohio-6083, ¶ 11. A contribution action differs from the underlying tort action. "Ohio's statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors inter se when one of them discharges the common liability." *Id.*, quoting *MetroHealth Medical Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). R.C. 2307.25(A) provides, in relevant part, that

> if one or more persons are jointly and severally liable in tort for the same injury or loss to * * * property * * *, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor who has paid more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount paid by that tortfeasor in excess of that tortfeasor's proportionate share.

The statute goes on to provide, however, that it "does not impair any right of indemnity under existing law."[1] R.C. 2307.25(D). "If one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of the indemnity obligation." *Id.*

**{¶10}** Thus, a contribution action concerns the obligation to pay a proportionate share of a joint obligation owed to an injured party. *See Natl. Mut. Ins. Co v. Whitmer*, 70 Ohio St.2d 149, 152 (1982) (The contribution statutes "reflect the general rule that the right to contribution is inchoate from the time of the creation of the relationship giving rise to the common burden

---

[1] The subsequent references to indemnity and indemnification in this opinion relate to Allied's assertions that N&N is required to indemnify it pursuant to the rental agreement. N&N's claim below for implied indemnification is not at issue in this appeal. As these are matters for the trial court to examine in the first instance, this Court takes no position on that claim.

until the payment by a co-obligor of more than his proportional share, and that the right becomes complete and enforceable only upon a payment by the claimant extinguishing the whole of the common obligation. That is, even though the equity for contribution arises at the time of the creation of the relationship between the parties, the right to sue thereon accrues when a party has paid more than his share of the joint obligation."). Accordingly, in the context of this case, the common obligation concerns the parties' respective obligations vis-à-vis the homeowners who were damaged by virtue of the water flowing onto their property. Two initial issues arise: first, whether by virtue of its conduct, Allied breached its duty of care to the homeowners; and, second, assuming it did, whether Ohio Casualty/N&N paid more than their proportional share of the obligation owed to the homeowners.

{¶11} Allied moved for summary judgment in the court below based, in part, on the rental agreement that N&N signed when it rented Allied's equipment. Michael Nestor, the owner of N&N, admitted that he signed the agreement when he rented the eight-inch pump and other related items from Allied. The "Rental Terms and Conditions" portion of the agreement provides as follows:

> [N&N] agrees to indemnify and save [Allied] harmless against loss, damage, expense and penalties, arising from any action on account of personal injuries, or damage to property, occasioned or caused by the property rented, or arising out of its operation, maintenance, or control, or handling or transportation, during the rental period or while in transit. It is further agreed that [Allied] will not be held responsible in any way for time lost while the property is on [N&N's] work, or in the custody and control, due to the breakdown of the property rented.
>
> [ALLIED] MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, OF THE PROPERTY RENTED.

(Emphasis sic.) The trial court determined that the foregoing provision barred N&N's claims against Allied because, by signing the rental agreement, N&N had agreed that Allied "was not warranting the pump as fit for the particular purpose utilized by [N&N]."

{¶12} An implied warranty of fitness for a particular purpose exists where a seller "at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." R.C. 1302.28. *See also Action Group, Inc. v. NanoStatics Corp.*, 10th Dist. Franklin No. 13AP-72, 2013-Ohio-5542, ¶ 55, quoting Hawkland & Rusch, *Uniform Commercial Code Series*, Section 2-315:1 ("The heart of the concept is the justifiable reliance by the buyer on the seller's skill or judgment in providing goods for the buyer's special needs."). "The warranty of fitness for a particular purpose differs from the warranty of merchantability primarily in that the warranty of merchantability warrants that goods are fit for the ordinary purposes for which such goods are used, while the warranty of fitness warrants fitness for a particular, rather than general, purpose." 67A American Jurisprudence 2d, Sales, Section 699 (2013).

> A "particular purpose" differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question. For example, shoes are generally used for the purpose of walking upon ordinary ground, but a seller may know that a particular pair was selected to be used for climbing mountains.

Official Comment 2, U.C.C. 2-315.

{¶13} When N&N rented a pump from Allied, it never conveyed to Allied any special need peculiar to the nature of N&N's business. N&N simply rented the pump from Allied to pump water from N&N's work area. The pump, therefore, was used for the ordinary purpose for which it was intended, and the implied warranty of fitness for a particular purpose was never

triggered. Although N&N and Ohio Casualty allege that they were damaged as a result of N&N's reliance upon Allied's expertise in selecting the pump, that allegation does not transform their action into one for breach of warranty. The allegation simply pertains to a breach of duty on Allied's part under a theory of ordinary negligence.

{¶14} Because the trial court cast N&N and Ohio Casualty's suit as one for breach of warranty, it concluded that the action was barred by the warranty disclaimer in the rental agreement N&N signed with Allied. As explained above, however, this suit is not one for breach of warranty. It is one for contribution arising from an allegation that Allied's negligence in the selection of a sewer pump contributed to the property damage nearby homeowners sustained. The trial court erred by treating the action as one for breach of warranty. In doing so, the court failed to address the parties' arguments related to the impact, applicability, and viability of the indemnity agreement into which the parties entered. *See* R.C. 2307.25(D) (contribution does not impair any right of indemnity); R.C. 2305.31 (indemnity agreements in connection with construction contracts void as a matter of public policy). This Court will not address those arguments for the first time on appeal. "Although our review of summary judgment is de novo, this Court has refused to consider a matter for the first time on appeal when the trial court * * * 'failed to consider the evidence within the proper legal context.'" *Scalia v. Aldi*, *Inc.*, 9th Dist. Summit No. 25436, 2011-Ohio-6596, ¶ 15, quoting *Guappone v. Enviro-Cote, Inc.*, 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶ 12.

{¶15} The trial court incorrectly determined that Allied was entitled to summary judgment. Therefore, N&N and Ohio Casualty's sole assignment of error is sustained on that basis.

III

**{¶16}** N&N and Ohio Casualty's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ROY A. HULME and MICHELLE J. SHEEHAN, Attorneys at Law, for Appellants.

PATRICK S. CORRIGAN, Attorney at Law, for Appellee.