OHIO CASUALTY INSURANCE CO., APPELLANT, *v.* HAMEL ET AL., APPELLEES.

(No. C-810024—Decided December 16, 1981.)

*Ms. Lucinda Templeman Heekin,* for appellant.

*Messrs. Young & Alexander* and *Mr. Anthony R. Kidd,* for appellees Maurice J. Hamel and Gorski Bulk Transport, Inc.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Ohio Casualty Insurance Co., filed a complaint against defendants-appellees, Maurice J. Hamel and Gorski Bulk Transport, Inc., in which the plaintiff claimed a right to contribution from defendants. Subsequently, defendants moved for summary judgment. This appeal is taken from the order below granting summary judgment for defendants.

On July 13, 1975 a motor vehicle collision occurred involving a truck owned by Gorski Bulk Transport and driven by Maurice J. Hamel and two other vehicles operated by Oscar Pneiro and Milton Aldridge. As a result of the collision Milton Aldridge was killed. On July 12, 1976 the administratrix of Milton Aldridge's estate instituted an action for wrongful death naming Gorski Bulk Transport, Hamel and Pneiro as defendants. All defendants filed answers to the complaint denying negligence.

The cause progressed to the jury. On September 30, 1977 the jury returned a verdict against Oscar Pneiro in the sum of $230,041.63. The jury further found that Gorski Bulk Transport and Maurice Hamel were not negligent.

On July 31, 1979 Ohio Casualty, representing the subrogated interest of Oscar Pneiro, initiated the instant action against Gorski Bulk Transport and Hamel seeking contribution under R.C. 2307.31 and 2307.32. The defendants moved for summary judgment, claiming that the earlier jury verdict in their favor settled the question of whether or not a common liability exists between plaintiff's insured and defendants for the wrongful death of Milton Aldridge. Summary judgment was entered for defendants December 8, 1980. Plaintiff appeals this decision.

Plaintiff's sole assignment of error before this court is the granting of summary judgment for defendants. In support of this assignment plaintiff contends that a judgment against only one of several defendants is not *res judicata* with respect to a subsequent action for contribution where the defendants in the prior action did not occupy adversary positions and their relative rights and liabilities *inter se* were not actually litigated.

Ohio's contribution among joint tortfeasors statute, R.C. 2307.31, reads in part:

"(A) Except as otherwise provided in this section or section 2307.32 of the Revised Code, where two or more persons are jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them * * *."

The right to contribution is thus premised upon two or more persons being joint tortfeasors. The defendants contend that the jury findings in the wrongful death action preclude any subsequent attempts by the plaintiff to relitigate the issue of defendants' tort liability for contribution purposes. We agree.

In Ohio, *res judicata* embraces the doctrine of collateral estoppel. The doctrine states that "if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determina-

tion being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Hicks* v. *De La Cruz* (1977), 52 Ohio St. 2d 71, 74 [6 O.O.3d 274]. "Parties" may include codefendants if they represented adverse interests in a former proceeding as to an issue and such issue was in fact litigated. *Wright* v. *Schick* (1938), 134 Ohio St. 193 [12 O.O. 6]. It is apparent that plaintiff's insured and defendants represented adverse interests in the wrongful death proceeding. The existence of Ohio's contribution among joint tortfeasors statute clearly makes it the interest of each codefendant to contest allegations of individual and joint liability. Each of the codefendants in the Aldridge wrongful death action did, in point of fact, contest the allegations of individual and joint liability. The jury verdict indicates that the issue of liability, individual and joint, was fully and completely litigated.

We find the issue of tort liability for the wrongful death of Milton Aldridge to have been fully and completely litigated in the initial action. This finding, exonerating defendants of any tort liability, precludes this attempt by plaintiff to seek contribution from defendants.

The judgment is affirmed.

*Judgment affirmed.*

BLACK, P.J., SHANNON and KLUSMEIER, JJ., concur.