DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Western Reserve Group, appeals the decision of the Lorain County Court of Common Pleas granting summary judgment to Appellee, Vicki Hartman, and finding that Appellant's claim was barred by res judicata and collateral estoppel. We reverse and remand.
 {¶ 2} This case involves a car accident that occurred on November 25, 2000. Richard Fletcher (Fletcher) was driving a truck owned by Joseph Parr Sr. that had a trailer attached to it, carrying another vehicle. Joseph Parr Jr. (Parr) and Elizabeth Sikora were passengers in the truck. As Fletcher was driving, rain and heavy wind caused the trailer to fishtail. Fletcher lost control of the vehicle; it crossed the center line and came to a stop completely blocking the opposite northbound lane. Vicki Hartman (Hartman), driving northbound, collided with the truck.
 {¶ 3} On August 17, 2001, Hartman filed suit against Fletcher for her injuries and damages she sustained. Western Reserve Group (WRG) insured the owner of the vehicle that Fletcher was driving, and under the terms of the insurance policy, WRG represented Fletcher in the law suit. WRG ended up settling Hartman's claims by paying her $53,500. WRG obtained a release from Hartman of all claims against itself, Fletcher and Parr. On December 26, 2001, Hartman's lawsuit was dismissed with prejudice.
 {¶ 4} Subsequently, on November 2, 2002, WRG paid $23,500 to Parr for damages, and again obtained a release. On November 22, 2002, WRG filed a contribution/subrogation action against Hartman. WRG sought to recover some of the damages it had paid to Parr. WRG alleged that Hartman was jointly liable and asserted joint liability as an affirmative defense in Hartman's suit against Fletcher. Both parties filed motions for summary judgment. By judgment entry dated January 26, 2004, the trial court granted Hartman's motion for summary judgment. It found that "[WRG's] claims [were] barred by the doctrine of res judicata and equitable estoppel." WRG appeals, asserting one assignment of error for our review.[1]
 ASSIGNMENT OF ERROR
"The trial court erred when it granted summary judgment in favor of the Appellee Vicki L. Hartman and denied Appellant Western Reserve Group's motion for summary judgment."
 {¶ 5} In its first and only assignment of error, WRG claims that the trial court erred in granting summary judgment in favor of Hartman. Specifically, it claims that it is entitled to contribution under the provisions of the Ohio Revised Code and maintains that res judicata and equitable estoppel do not bar its claims. We agree.
 {¶ 6} We begin by noting that appellate courts consider an appeal from summary judgment under a de novo standard of review.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, this Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party. Civ.R. 56(C); Norris v.Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2.
 {¶ 7} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 8} In this case, we find summary judgment was improperly granted. We do not find that Hartman is entitled to judgment as a matter of law.
Contribution
 {¶ 9} In this action, WRG is trying to collect contribution from Hartman for Parr's injuries. WRG alleges that Hartman was jointly liable for Parr's injuries, and thus is subject to a claim for contribution. R.C. 2307.31(C) provided that:[2]
[a] liability insurer that by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportionate share of the common liability."
WRG, a liability insurer, paid Parr on behalf of Fletcher, and thus is subrogated to Fletcher's right to contribution from Hartman.
 {¶ 10} The parties to this appeal agree that both Fletcher and Hartman contributed to Parr's injuries. R.C. 2307.31(B) provided that a tortfeasor who settles is entitled to contribution from a joint tortfeasor only after that joint tortfeasor's liability is extinguished by the settlement. After WRG paid Parr, it then obtained a release from him, releasing Hartman, the joint tortfeasor, from any liability to Parr. Under the Revised Code and Ohio case law, WRG, subrogated to Fletcher's position, is entitled to contribution from Hartman, the joint tortfeasor, after her liability to Parr was extinguished. SeeConley v. Brown Corp. of Waverly (1998), 82 Ohio St.3d 470,480.
 {¶ 11} Contrary to Hartman's assertions, a claim for contribution may be enforced against a joint tortfeasor in a separate action. R.C. 2307.31(G) provided: "[w]hether or not judgment has been entered in an action against two or more tortfeasors for the same injury or loss * * * contribution may be enforced by separate action." The Ohio Supreme Court has recognized that a contribution action differs from the underlying tort action. MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.
(1997), 80 Ohio St.3d 212, 217.
"`[I]t is clear from the provisions of [R.C. 2307.31 and2307.32] that the liability for contribution is distinct from the liability for the jointly committed tort. * * * Ohio's statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors inter se when one of them discharges the common liability.'" (Emphasis omitted.) Id. quoting Natl.Mut. Ins. Co. v. Whitmer (1982), 70 Ohio St.2d 149, 151-152. See, also, Nevins v. Ohio Dept. of Transp. (1998),132 Ohio App.3d 6, 27; Nationwide Ins. Co. v. Steigerwalt (1970),21 Ohio St.2d 87, paragraph two of syllabus.
Therefore, WRG is entitled to pursue its claim for contribution in a separate action after Parr released Hartman from further liability.
Claim/Issue Preclusion
 {¶ 12} Having established that WRG is subrogated to Fletcher's right to pursue contribution from Hartman, that WRG is entitled to pursue contribution since it paid Parr's claim in full and obtained a release, and that contribution may be enforced in a separate action, the issue becomes what effect Hartman's release and her previously settled case have on Fletcher's right to recover contribution from her.
 {¶ 13} In order for WRG to collect in contribution from Hartman, it must be determined what percentage of Parr's damages she was responsible for. Hartman maintains that the liability issues between herself and Fletcher were already litigated, and thus, WRG is estopped from relitigating the same issues of liability. Hartman claims that the doctrines of res judicata and collateral estoppel prevent WRG from pursuing claims against her for contribution. Res judicata, or claim preclusion, is meant to bar the relitigation of claims. Ft. Frye Teachers Assn. v. StateEmp. Relations Bd. (1998), 81 Ohio St.3d 392, 395. "In Ohio, res judicata embraces the doctrine of collateral estoppel." OhioCas. Ins. Co. v. Hamel (1981), 3 Ohio App.3d 278, 279. The doctrine states that
"if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Hicks v. De La Cruz (1977),52 Ohio St.2d 71, 74.
 {¶ 14} "Collateral estoppel precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'" Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, quoting Goodson v. McDonough Power Equip., Inc.
(1983), 2 Ohio St.3d 193, 195. Hartman alleges that the issue of negligence has already been decided and therefore, WRG is precluded from relitigating her negligence in this suit.
 {¶ 15} In order to successfully assert collateral estoppel, Hartman would need to prove that the issue of her negligence was: "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." Thompson v. Wing (1994), 70 Ohio St.3d 176, 183, citing Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph two of the syllabus.
 {¶ 16} WRG is in privity with Fletcher, who was a party to the prior action. See Steigerwalt (1970), 21 Ohio St.2d 87, at paragraph one of the syllabus; Thompson, 70 Ohio St.3d at 184. However, there is no evidence that the issue of Hartman's negligence was actually and directly litigated in the prior action, or that it was passed upon and determined by a court of competent jurisdiction.
 {¶ 17} In Teagle v. Lint (Apr. 15, 1998), 9th Dist. No. 18425 at 6-7, this court found that collateral estoppel does not apply to bar the relitigation of an issue that was not resolved in the prior action. In Teagle, we held that if the issue was not actually and directly litigated in a prior action because the litigation was terminated by a settlement and "[t]he record does not contain any information concerning the settlement or what, if any, conclusion was reached[,]" that collateral estoppel would not apply to bar the issue from relitigation. Id. at 7.
 {¶ 18} In this case, we have no evidence that the issue of Hartman's negligence was actually litigated or that any conclusion was reached on the issue of her negligence. Therefore, we find that Hartman has not presented enough evidence to support collateral estoppel at this point, and thus, summary judgment was improperly granted.
 {¶ 19} As stated above, to prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that, after viewing the evidence in a light most favorable to the non-moving party, reasonable minds could only conclude in favor of the moving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. We find that Hartman has not met her burden to prevail on summary judgment.
 {¶ 20} In light of the issues raised above, it cannot be said that reasonable minds could view the issues presented and come to one conclusion against the non-moving party. Therefore, summary judgment was not properly granted. WRG's assignment of error is sustained.
 {¶ 21} We sustain WRG's assignment of error, reverse the judgment of the Lorain County Court of Common Pleas, and remand for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J. Boyle, J. concur
[1] There is a pending motion to strike Appellant's reply brief for raising new issues. As we did not address any of the issues raised in the reply brief, Appellee's motion is moot.
[2] R.C. 2307.31(C), now repealed, was in effect when this suit was filed. All references to the Ohio Revised Code are to those in effect when the suit was filed.