[Cite as *Wise v. Wise*, 196 Ohio App.3d 533, 2011-Ohio-4772.]

STATE OF OHIO   )    IN THE COURT OF APPEALS
         )ss:   NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

WISE,

  Appellee,

  v.

WISE et al.,

  Appellants.

C.A. No.  25672

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  CV-2009-01-0550

DECISION AND JOURNAL ENTRY

Dated: September 21, 2011

APPEARANCES:

  Pearce Leary and Bradley Hull IV, for appellee.

  Tony Dalayanis and Stephen Nowak, for appellant.

  MOORE, Judge.

  **{¶ 1}** Appellant, Kelvin Wise, appeals the judgment of the Summit County Court of Common Pleas. This court affirms.

I

  **{¶ 2}** Kelvin and Jill Wise were married for some years. They lived in Michigan, where, in October 2007, their divorce was finalized. Ms. Wise continued to reside in the Michigan home after the divorce until December 2007. The divorce decree required Mr. Wise to move out of the marital home in Michigan on December 1, 2007. When Mr. Wise declined to leave, Ms. Wise called the police to enforce the order. Mr. Wise then left the home. During the

marriage, Mr. Wise managed four rental properties that were owned by the couple, one of which was located at 1899 Ashley Drive in Hudson, Ohio. Ms. Wise was to pay all debts associated with the Ashley Drive property.

{¶ 3} At this time, there were no tenants living at the Ashley Drive property. The utilities were in Mr. Wise's name. A realtor had been occasionally showing the property to prospective buyers. On December 3, 2007, the day after he was removed from the marital home, Mr. Wise ordered the gas to the Ashley Drive property shut off. Gas was the only source of heat to the home. He did not cancel the electricity, homeowner's insurance, or water and sewer service. Neither did he inform Ms. Wise that he had ordered the gas to be shut off. Mr. Wise had all of his mail forwarded to his new residence, and because the gas bill was in his name, the final bill went to the new address. As a result, Ms. Wise had no notice of the impending shutoff of utilities. Mr. Wise subsequently paid the final bill.

{¶ 4} On January 23, 2008, a neighbor called the realtor's office to report a substantial amount of water in the yard of the Ashley Drive property. It was discovered that pipes in the home had frozen and burst as a result of the gas having been shut off. Ms. Wise paid $44,227 for the renovation of the home.

{¶ 5} On January 22, 2009, Ms. Wise brought an action against Mr. Wise, and others not relevant to this appeal, alleging misrepresentation, fraud, and damage to property. An amended complaint was filed on February 6, 2009, alleging negligence, financial misconduct, breach of contract, and misrepresentation. A second amended complaint with a jury demand was filed on July 9, 2009. On August 4, 2009, Mr. Wise filed a motion to dismiss, alleging lack of jurisdiction and improper venue based on the Michigan divorce proceedings. On October 23,

2009, the court held the motion in abeyance until the parties supplemented the record with relevant jurisdictional information.

{¶ 6} The case was tried to a jury on October 12, 2010. On October 18, 2010, the jury returned a verdict against Mr. Wise for $24,000 for malicious conduct, $24,000 for negligence, and one dollar in punitive damages. On October 21, 2010, the court ordered a judgment in favor of Ms. Wise in the amount of $48,000 for compensatory damages and one dollar for punitive damages plus interest and costs.

{¶ 7} Mr. Wise timely filed a notice of appeal. He raises four assignments of error for our review.

II

### ASSIGNMENT OF ERROR I

[Mr. Wise] was not the legal or equitable owner of the property exchanged in divorce and did not owe [Ms. Wise] a duty to maintain the property for [Ms. Wise's] benefit.

{¶ 8} In his first assignment of error, Mr. Wise essentially argues that he did not owe Ms. Wise a duty and thus she could not maintain a negligence action against him. We do not agree.

{¶ 9} Mr. Wise's arguments focus on the fact that he was not the owner of the property and that he did not owe a duty to maintain the property. However, this was not the basis of Ms. Wise's claim. She claimed that he had a duty not to negligently or maliciously damage the property.

{¶ 10} "Negligence is the failure to exercise that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Gedeon v. E. Ohio Gas Co.* (1934), 128 Ohio St. 335, 338. A fundamental aspect of establishing

3

negligence is determining whether the defendant owed the plaintiff a duty. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142. "In negligence cases the duty is always the same: to conform to the legal standard of reasonable conduct in light of apparent risk. What a defendant must do, or must not do, is a question of the standard of conduct reasonably required to satisfy the defendant's duty." (Emphasis deleted.) *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 578.

{¶ 11} An individual generally possesses a duty of due care. *Mussivand v. David* (1989), 45 Ohio St.3d 314. The duty of due care requires one to exercise "that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising, under the same or similar circumstances. * * * A person is to exercise that care necessary to avoid injury to others." Id. at 318-19. Whether a duty exists on the part of a particular defendant is a question of law for the court to decide. See id. at 318.

{¶ 12} Applying the above principles of negligence law to the case at hand, we believe that a reasonable person certainly could foresee injury to a vacant rental property if he ordered the gas company to turn off the gas, the only source of heat to the home, during the winter months. The facts indicate that Ms. Wise was awarded the rental property in the divorce decree and was responsible for the mortgage, insurance, utilities, and real estate taxes after Mr. Wise vacated the marital home. However, Mr. Wise refused to vacate the marital home until Ms. Wise involved the police. The next day, Mr. Wise ordered the gas to be shut off to the rental property.

{¶ 13} Prior to this time, the utilities for the rental property were in Mr. Wise's name and had been paid by him. The final gas bill was forwarded to his new address. He did not cancel any other utilities that remained in his name for the property, including insurance, electricity, or water and sewer. An ordinarily reasonable person could foresee injury if he ordered the gas shut off to a vacant home during the winter months. To the extent that Mr. Wise argues that he is

4

precluded from having a duty of care because he did not hold title ownership in the property, his argument lacks merit. Mr. Wise owed a duty of ordinary care to Ms. Wise. Accordingly, Mr. Wise's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> [Mr. Wise's] failure to act for [Ms. Wise's] benefit where [he] had no legal duty to do so cannot be the basis for a malice action against [him].

{¶ 14} In his second assignment of error, Mr. Wise essentially argues that because he did not owe Ms. Wise a duty, Ms. Wise could not maintain a malice action against him. We do not agree.

{¶ 15} " 'Malice' is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified." *Cook v. Cincinnati* (1995), 103 Ohio App.3d 80, 90, 658 N.E.2d 814. Mr. Wise argues that Ms. Wise could not maintain a malice action against him because he did not owe her a duty. Our disposition of the first assignment of error, however, indicates that he did owe her a duty. As this was the basis of his second assignment of error, it is overruled.

## ASSIGNMENT OF ERROR III

> The trial court in error failed to dismiss the action under the theory of res judicata.

{¶ 16} In his third assignment of error, Mr. Wise contends that the court erred in failing to dismiss the action under the theory of res judicata. We do not agree.

{¶ 17} Res judicata, or claim preclusion, bars the relitigation of claims. *Ft. Frye Teachers Assn. v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395. "In Ohio, *res judicata* embraces the doctrine of collateral estoppel." *Ohio Cas. Ins. Co. v. Hamel* (1981), 3 Ohio App.3d 278, 279. Under that doctrine, "if an issue of fact or law actually is litigated and

5

determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74.

{¶ 18} "Collateral estoppel precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.' " *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, quoting *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195. Mr. Wise alleges that the issue of negligence has already been decided and therefore Ms. Wise is precluded from relitigating her negligence argument in this suit.

{¶ 19} In order to successfully assert collateral estoppel, Mr. Wise would need to prove that (1) the issue of his negligence "was actually and directly litigated in the prior action," (2) the issue of his negligence "was passed upon and determined by a court of competent jurisdiction," and (3) his wife "was a party in privity with a party to the prior action." *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, citing *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, paragraph two of the syllabus.

{¶ 20} Mr. Wise argues that the action was previously argued in the Michigan domestic relations court and that the divorce decree is a final judgment that precludes this action. Specifically, he argues that Ms. Wise "previously brought [an] action for contempt and [motion for relief from judgment] against [him] in Michigan Court regarding the duties under the divorce decree." However, there is no evidence in the record that the issue of Mr. Wise's negligence was actually and directly litigated in the divorce action, or that any conclusion was reached on the issue of negligence. Accordingly, the trial court did not err in refusing to dismiss the action on the basis of res judicata. Mr. Wise's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

The judgment against [Mr. Wise] is not supported by the weight of the evidence and/or sufficiency of the evidence.

{¶ 21} In his fourth assignment of error, Mr. Wise argues that the judgment is not supported by the manifest weight of the evidence or the sufficiency of the evidence. We do not agree.

{¶ 22} In *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, at ¶ 3, the Ohio Supreme Court set forth that "[w]hen applying a sufficiency-of-the-evidence standard, a court of appeals should affirm a trial court when ' "the evidence is legally sufficient to support the jury verdict as a matter of law." ' [*State v.*] *Thompkins* (1997), 78 Ohio St.3d [380] 386, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) 1433. When applying a civil manifest-weight-of-the-evidence standard, a court of appeals should affirm a trial court when the trial court's decision 'is supported by some competent, credible evidence.' *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 32." (Citations omitted.)

{¶ 23} Mr. Wise argues that the evidence was legally insufficient and that the verdict was against the manifest weight of the evidence because he did not owe a duty to Ms. Wise. In our disposition of the first assignment of error, we conclude that he did owe Ms. Wise a duty. As this was the basis of his sufficiency and manifest-weight arguments, his fourth assignment of error is overruled.

III

{¶ 24} Mr. Wise's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE, P. J., and DICKINSON, J., concur.